# Spies v. Stikes *et al.*

### *Settlement of Guardianship.*

1. *Benefit certificates in mutual benevolent societies; assignment of interest therein invalid as against a named beneficiary.*—Where the holder of a benefit certificate in a co-operative mutual benefit society, such as the Knights of Honor or the Legion of Honor, in which his children are named as beneficiaries, being unable to pay the assessments, agreed with a person named in such certificate as guardian of his minor children, that if he would pay the assessments, he should have a child's part in the proceeds of the certificate, such agreement is void and cannot be enforced ; and upon a settlement of such named person's guardianship, having been duly appointed by the probate court, he can not be allowed to credit himself in his accounts with the share thus given him.

2. *Settlement of guardianship; allowance of commissions.*—A guardian is not deprived of his right to commissions because of his negligence or willful failure to render an account, unless it is shown that such negligence or willful failure resulted in injury to the ward's estate.

3. *Same; inadmissible evidence.*—Where, upon the settlement of a guardianship, a guardian claims a ward's interest in the proceeds of benefit certificates in co-operative mutual benefit societies, testimony as to the features of difference between ordinary life insurance policies and such certificates is irrelevant, immaterial, and is properly excluded from the evidence.

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS, JR.

Augustus Stikes departed this life on the 20th day of May, 1890, in Mobile county, State of Alabama, leaving surviving him his four children, to-wit, John A. Stikes,

Henry M. Stikes, Charles A. Stikes and Augustus A. Stikes, who were all minors at the time of his death. Said Augustus Stikes, at the time of his death, left two benefit certificates of insurance upon his life—one for two thousand dollars in the Knights of Honor, payable to Charles Spies, as trustee for the said minor children; and the other for three thousand dollars, in the Legion of Honor, payable to Charles Spies, as guardian for said minor children. On the 6th day of June, 1890, said Charles Spies applied for and obtained letters of guardianship of said children from the probate court of said Mobile county, and duly qualified as such guardian. In August, 1890, said Charles Spies collected the said benefit certificates from the Knights of Honor, and the Legion of Honor. On February 25, 1896, said Charles Spies was cited to file his accounts for a settlement of said guardianship, by the probate court of said Mobile county, upon the application of Henry M. Stikes, who had become of age. On the 25th day of March, 1896, said Charles Spies was attached for failure to file his accounts; and on the 2d day of April, 1896, the said Charles Spies filed his accounts and vouchers in said probate court to make final settlement of his said guardianship. There was no dispute as to any item of said account except the following: "By cash my share of insurance, $1,000." To this item H. M. Stikes objected upon the following grounds: "1st. Said Charles Spies was not one of the beneficiaries named in the policies of insurance. 2d. Said Charles Spies had no insurable interest in the life of Augustus Stikes, the assured under said policies of insurance. 3d. Because the beneficiaries named in said policies of insurance on the life of said Augustus Stikes were minors at the time of his death and could make no valid agreement to give said Charles Spies one-fifth or any other portion of said insurance."

Upon the hearing of the cause, Charles Spies introduced evidence showing that Augustus Stikes, the father of H. M. Stikes, had taken out two benefit certificates on his life in favor of his children, one in the Knights of Honor for $2,000 and the other in the Legion of Honor for $3,000; that the dues and assessments of these certificates were paid by Augustus Stikes up to March, 1886, and that in said month, Augustus Stikes, who was

old and in feeble health and without means, came to said Charles Spies and telling him that he was unable to pay the dues and assessments upon said certificates, requested him to pay them for him ; that Spies consented to meet the payment of the dues and assessments as they matured, and for the purpose of securing him for the amounts thus paid, Augustus Stikes entered into a written agreement with said Spies in which it was stipulated and agreed that in consideration of his continuing to pay the dues and assessments upon said certificates, he should . receive out of the proceeds of said certificates, at the death of Augustus Stikes, all of the money he had paid out thereon, and that he should also receive a child's part out of the proceeds of said certificates at his death. Spies testified in his own behalf, that this written agreement has been lost, and he was unable to find it, and it was shown that at the time of making the contract Augustus Stikes had four children, as above stated.

It was further shown that Charles Spies was not in any way connected with or related to Augustus Stikes or his children. It was also shown that the Knights of Honor and the Legion of Honor were what are known as co-operative mutual benefit associations, kept up by dues and assessments paid by the members, and if any dues and assessments are not promptly paid as required by the rules of the association, then the benefit certificates become inoperative and void, and all that has been previously paid is lost and forfeited to the beneficiary.

J. H. Tindall was introduced as a witness and testified that he was familiar with the business of life insurance, having been engaged in such business for over 20 years, and that he knew the difference between what is known as the plan of ordinary life insurance, and the plan of the co-operative mutual benefit societies or associations. The witness was then asked the following question : "Please explain to the court the features of difference and distinction between the ordinary life insurance policy and the certificates of co-operative mutual benefit associations, such as the Knights of Honor and the Legion of Honor?" To this question Henry M. Stikes objected, the court sustained the objection, and Charles Spies duly excepted thereto.

This being substantially all the evidence, Henry M.

[Spies v. Stikes *et al.*]

Stikes moved the court to disallow and strike from the account of Charles Spies as guardian, the item "By cash my share of insurance, $1,000." The court granted this motion, and ordered that the item be stricken from said account, and to this ruling of the court Charles Spies duly excepted.

Charles Spies, as guardian, then moved the court that he be allowed, as guardian, legal commissions upon the several amounts of money he had received and collected for the estate of his wards, and for the several amounts of money he had disbursed and paid out from the estate of his wards, as shown by his account filed as said guardian. The court denied and refused to allow each of said items, and to this ruling the said Charles Spies, as guardian, duly excepted. Thereupon the court rendered a decree in keeping with the rulings as above set forth, and to the rendition of this decree, the guardian duly excepted. The present appeal is prosecuted to this court from the said decree of the probate court, and Charles Spies, guardian, assigns as error the several rulings of the probate court to which exceptions were reserved.

SAMUEL B. BROWNE, JOHN H. TINDALL and McCARRON & LEWIS, for appellants.—The principles decided in the cases of *Helmetag v. Miller*, 76 Ala. 183, and *Stoelker v. Thornton*, 88 Ala. 241, are not applicable to this case. By the payment of the assessments Spies subserved the interest of the children, and for this reason the contract as made between him and the holder of the certificates should be enforced.

There was no valid reason shown to exist why the commissions should not be allowed to the guardian upon a settlement.

BESTOR & GRAY, *contra*.—The cases of *Helmetag v. Miller*, 76 Ala. 183, and *Stoelker v. Thornton*, 88 Ala. 241, are decisive of this case.

McCLELLAN, J.—The action of the probate court in disallowing Spies' claim of $1,000 as for a one-fifth part of the proceeds of insurance policies or benefit certificate inuring to the children of Augustus Stikes, deceased, is fully supported by adjudications of this court.—*Hel-*

*metag's Admr. v. Miller,* 76 Ala. 183 ; *Stoelker v. Thornton,* 88 Ala. 241.

The probate court refused to allow Spies any commissions. The fact that the guardian failed to make the partial settlements required by section 2454 of the Code does not justify the action of the probate court in disallowing his commissions, it not appearing that injury resulted to the estate from such failure, and *mala fides* not being shown in respect thereto.—*Craig v. McGehee,* 16 Ala. 41 ; *Neilson v. Cook,* 40 Ala. 498.

The failure of the guardian to make final settlement upon the coming of age of the wards was negligence, of course ; and his failure to respond to the citation in consequence of which he was attached as for contempt and brought, a prisoner, before the court, was nothing less than a willful default. Still the estate, so far as appears in the record before us, was not injured in any way by such negligence or willful default in respect of making final settlement ; and under the rule established by this court the guardian to deprive himself of right of commissions must have been guilty of gross negligence or willful default, *whereby injury has resulted to the estate.*—*Smith v. Kennard,* 38 Ala. 695, 702, and cases there cited. The court erred in disallowing the guardian's claim for commissions.

The proposed testimony of J. H. Tindall as to "the features of difference between the ordinary life insurance policy, and the certificates of the cooperative mutual benefit associations," &c., was properly excluded.

Reversed and remanded.