# Howle *v.* Edwards.

*Action upon Promissory Note.*

113   187
120   237

113   187
f128  620

1. *Right of widow to sue upon note payable to her deceased husband; exemptions.*—A complaint upon a promissory note filed by the widow of the deceased payee, which alleges that there has been no administration upon the husband's estate, that more than 60 days have elapsed since his death, that he did not own real estate exceeding in value $2,000 and in area 160 acres, and personal property exceeding $1,000 in value, and that she claims the note sued on as exempt from administration, and in such capacity brings the suit, is not demurrable because of no title in plaintiff ; but such a state of facts, under the provisions of the statute (Code of 1886, § 2564), gives her a right of action upon said note.

2. *Effect of unsworn plea denying ownership of note sued on by plaintiff ; when admission of irrelevant evidence error without injury.* Under the rule of practice, No. 29 of the Circuit Court, (Code of 1886, p. 810), providing that when an action on a contract for the payment of money is brought by the plaintiff averring that he is the party really interested in said contract, his right to maintain an action shall not be disputed, except by plea verified by affidavit, the right of the widow to sue on a note payable to her deceased husband, where she alleges in her complaint facts showing her right to claim such note under the exemption statute (Code of 1886, § 2564), can only be disputed by verified plea.; and if the plea denying such beneficial ownership is not sworn to, the allegations of ownership in the complaint must be taken as conclusive, and, therefore, evidence tending to prove the facts alleged touching her ownership and right to sue, even if erroneously admitted, can not operate as injury to the defendant.

3. *Action upon a note; suretyship; relevancy of evidence.*—In an ac-

[Howle v. Edwards.]

tion upon a promissory note, which was signed by the defendant and another as co-maker, where the only issues presented by the pleading was, whether the defendant was merely a surety upon the note, evidence having a tendency to show that the defendant signed the note as a co-maker and not as surety is relevant; and questions asked for the purpose of evoking such testimony are permissible.

4. *Same; demand of suit by surety; what is not such demand.*—Where the payee, the principal and surety of a note attempt to adjust the indebtedness evidenced by such note, and for the balance due thereon the principal executes a new note, which the payee seeks to have the surety sign, but which the surety declines to do, and after a somewhat angry conversation the surety tells the payee to sue on the old note and collect it; this is not such a demand that suit be brought against the principal as will absolve the surety from liability in the event suit is not brought upon the old note against the principal.

5. *Same; failure to attach principal debtor does not constitute release of surety.*—The failure of the payee of a note to attach the principal debtor upon the note, will not release the surety from liability.

6. *Same; failure to bring fruitless suit does not release surety.*—The failure or refusal of a payee of a note to bring suit against the principal upon the demand of a surety, will not release the latter from liability, if it is shown that the principal obligor in the note did not have property out of which the amount of the note could be made by due diligence from and between the time the surety gave the payee notice to sue and the time when the principal left the State.

7. *Suit by widow of decedent to collect assets of the estate; defendant incompetent to testify as to transactions with decedent.*—A widow suing, before administration on the estate of her deceased husband, for the collection of assets of the estate, which she claims as exempt to her under the provisions of the statute, (Code of 1886, § 2564), in legal effect sues as the representative of the estate, and the rule excluding the testimony of a party to a suit as a witness to transactions with a decedent, applies in such action; and the defendant in such suit is incompetent to testify as to transactions which he had with the decedent.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

This action was originally brought by appellee, Fannie E. Edwards, as plaintiff, against R. B. Edwards and H. M. Howle, as defendants, and was based upon a promissory note executed by them and payable to J. W. Edwards, who was the husband of the plaintiff, and who died before this suit was brought. The plaintiff, in the original complaint, claimed the note sued on as her property. The summons was returned not served as to R. B. Edwards, and at the first trial a discontinuance

[Howle v. Edwards.]

was entered as to him and the cause proceeded against H. M. Howle, alone. On that trial the complaint was amended so as to allege the death of J. W. Edwards, the payee of the note, and that the plaintiff sues as his widow; that he died in May, 1887, and that no administration had been had upon his estate, and that no personal property of his estate had been set apart to her or his minor children, and that the note sued on was the property of her said husband's estate.

The defendants filed several pleas. The first set up the fact that he signed the note sued on as surety only for R. B. Edwards, who was the principal obligor in the note, and that since the maturity of the note and before the death of J. W. Edwards, and while he still held the note, defendant directed the said J. W. Edwards to bring suit on the note and to proceed to collect the debt. The second plea averred as a defense that R. B. Edwards was at that time, and for a long time afterwards, a resident of the State of Alabama and of Cleburne county, and owned sufficient property in said State and county from which the money could have been made, but that said J. W. Edwards failed to bring suit on the note, as directed, and suffered R. B. Edwards to dispose of all his property in Alabama and leave the State, and that he now has no property in this State. The third plea set up as a defense that without the consent of defendant Howle, said J. W. Edwards accepted a new note from R. B. Edwards for the balance due on said note after the same had matured, said new note due at a later date, and agreed to extend the time of payment of said debt. A demurrer was sustained to the plea of defendant setting up the fact of notice to the holder of the note to sue, and the cause was tried on the issue joined on the other pleas of the defendant, which resulted in a verdict and judgment for the plaintiff. On appeal to this court, the judgment was reversed, and the cause remanded for a new trial.

On the second trial the complaint was again amended so as to contain the allegation that the deceased husband of plaintiff did not own real property, exceeding in value $2,000, and in area 160 acres, or personal property exceeding in value $1,000; that more than sixty days had elapsed since his death before the commencement of this suit, that no administration had been had or begun upon

[Howle v. Edwards.]

said estate, nor has since been had or begun upon it; and that plaintiff did claim and now claims said note as her property, as exempt from administration, and in such capacity brings and maintains this suit. On this second trial of the cause the defendant demurred to the complaint upon the following grounds : 1st. The complaint as amended, is the statement of a conclusion of the pleader merely, in this : it alleges "and plaintiff did claim and now claims said note as her property, exempt from administration," &c., and fails to allege when, or where or how she claimed said note as exempt. 2d. Said complaint fails to show that plaintiff made an application to the probate court of Cleburne county to appoint commissioners to make an inventory of the personal property of her deceased husband so exempt, and to set apart to plaintiff as such widow the real and personal property of her deceased husband, to her and her minor children of her deceased husband under the laws of this State, and that in pursuance of said application the note sued on was so set apart to her as exempt. 3d. Said complaint fails to allege that a selection of the note sued on as exempt was ever made by plaintiff, or any person for her in any of the modes prescribed by law for selecting and setting apart to the widow of a deceased person the personal property as exempt from administration. 4th. The complaint fails to show a right in plaintiff to maintain this suit, and fails to show that a judgment for or against the plaintiff in this suit would be a bar to a subsequent action on said note by the rightful administrator of the estate of her deceased husband. This demurrer was overruled, and the defendant duly excepted. Thereupon the defendant refiled his pleas which were filed in the first trial of the cause, which were numbered one, two and three, and also two other special pleas, which were as follows : "(A.) Comes defendant and by leave of the court first had and obtained, for answer to plaintiff's complaint as last amended, says, that plaintiff never made an application to the probate judge of said county (the county in which the note sued on is situated) to appoint two commissioners, citizens of good standing in said county, to make a complete inventory of all the personal property exempt to plaintiff and her minor children as the widow and minor children of said intestate, and to set apart to plaintiff and said minor

[Howle v. Edwards.]

children all the personal and real property exempt to them under the laws of the State of Alabama, and that plaintiff never had said note set apart to her as exempt as required by the statute in such cases made and provided.

"(B.) Defendant for further answer to said complaint as last amended, says that the note sued on in this case has never been set apart to plaintiff and the minor children of said deceased payee of said note as required by the statute in such cases made and provided." To pleas numbered A. and B. the plaintiff demurred upon the following grounds : First, that they did not answer the complaint ; second, they are no reply to the complaint ; and third, that said pleas are frivolous." These demurrers were sustained, and the defendant duly excepted.

There was no controversy as to the fact that J. W. Edwards died on or about the 29th of May, 1887, leaving a widow (plaintiff) and two minor children, and that the note in suit was found among his papers after his death.

Several witnesses for plaintiff testified that the personal property of Edwards, of which they had any knowledge at his death was less in value than $1,000 ; but they did not know that they knew all his personal property. That he owned a small house and lot, some notes and accounts, and that he owed some $60 or $75.

The evidence for defendant tended to show the following facts : He signed the note sued on as surety for R. B. Edwards. The note was given for said R. B. Edwards' indebtedness for part of a stock of goods purchased by said R. B. Edwards from said J. W. Edwards. After the purchase of said goods by R. B. Edwards, he and defendant formed a mercantile partnership and that J. W. Edwards purchased goods from said partnership, and the amount of his account with said firm was credited on said note, and the same was charged to R. B. Edwards on his account with the firm. About February 7, 1887, a settlement was attempted to be had between said R. B. Edwards and J. W. Edwards, and it was ascertained that $208.59 had been paid said J. W. Edwards from the store of defendant and R. B. Edwards as above stated. A new note for the remainder of said indebtedness of R. B. Edwards to J. W. Edwards was then drawn up and signed by R. B. Edwards, payable

[Howle v. Edwards.]

in November following. J. W. Edwards asked defendant Howle to sign the new note, which he refused to do, and after some conversation between them, in which they appeared to get somewhat angry, defendant Howle told J. W. Edwards to sue on the old note and collect it. J. W. Edwards then turned and walked off with both notes in his hand. At that time R. B. Edwards lived in Cleburne county, Alabama, and owned then and after that some $430 worth of personal property. That he remained in said county and made a crop, and owned after that some $200 or $300 worth of personal property. That R. B. Edwards disposed of all of his property in Alabama, removed to Louisiana in the fall of 1887, and since then has owned no property in this State.

In the course of the examination of the defendant Howle, he testified that the note sued on was given by R. B. Edwards for the interest of J. W. Edwards in a stock of goods, in which R. B. Edwards and J. W. Edwards were partners; that at the time of the execution of said note, the defendant and R. B. Edwards had entered into a partnership agreement, and that the defendant had nothing to do with the trade between R. B. Edwards and J. W. Edwards, but only signed the note as surety, and that he bought an interest in the stock of goods from R. B. Edwards after he had bought the goods from J. W. Edwards. The plaintiff's counsel then asked the witness the following question: "How did you pay R. B. Edwards for his interest in the stock?" The defendant objected to this question, on the ground that it called for illegal and immaterial evidence. The objection was overruled, and the defendant duly excepted. The witness answered: "I put my money in the stock to pay R. B. Edwards for the interest I purchased." The witness was then asked: "What price did J. W. Edwards ask you for his interest in the stock of goods before he sold to R. B. Edwards?" The defendant objected to this question upon the ground that it called for illegal, irrelevant and immaterial evidence; and duly excepted to the court's overruling his objection. The witness answered that J. W. Edwards asked him $1,500. The defendant moved to exclude this answer on the ground that it was illegal, irrelevant and immaterial; and duly excepted to the court's overruling his motion. The witness was then asked the following

[Howle v. Edwards.]

question : "What did you pay R. B. Edwards for the interest in said stock of goods you bought?" To this question the defendant objected, on the ground that it called for illegal and immaterial evidence, and duly excepted to the court's overruling his objection. The witness answered : "The stock amounted to a little over $500. I paid that sum. There was no transfer of any action." The defendant made a similar motion to exclude this answer, and duly excepted to the court's overruling his motion.

Upon the introduction of all the evidence, the court, in its general charge, instructed them as follows : "The bringing of this suit was a sufficient claim by plaintiff of the note sued on as exempt from administration, as the property of the estate pf her deceased husband, to authorize her to maintain this suit." To the giving of this charge the defendant duly excepted. At the request of the plaintiff, the court gave to the jury, the following written charges : (1.) "The court charges the jury that if they believe from the evidence that J. W. Edwards and R. B. Edwards were on or about February 1st, 1887, trying to settle the balance due on the note sued on by giving a new note for about $190, and J. W. Edwards insisted that H. M. Howle should stand as surety on said new note before he, J. W. Edwards, would accept said note and in talking about executing said note said J. W. Edwards and R. B. Edwards and H. M. Howle became angry somewhat, and J. W. Edwards started off with the note sued on and said he was going to put the note out for suit and the defendant H. M. Howle said go ahead and make your money, in reply to what J. W. Edwards had said, and without intention to instruct said J. W. Edwards to bring suit against R. B. Edwards on the note sued on, this would not be such notice as is sufficient to discharge a surety from his liability on promissory note." (2.) "The court charges the jury that the plaintiff was not bound to sue out an attachment to make the money out of R. B. Edwards." (3.) "The court charges the jury that if they believe from the evidence that R. B. Edwards did not have property out of which the money on the note sued on could have been made by due diligence by suit at law by J. W. Edwards, or the plaintiff in this suit against R. B. Edwards, in the circuit court of this county, from and be-

[Howle v. Edwards.]

tween the time the defendant gave the said J. W. Edwards notice to sue, and the time when R. B. Edwards left this county, then this was not sufficient to discharge the defendant, as surety on said note." To the giving of each of these charges the defendant separately excepted, and also separately excepted to the court's refusal to give to the jury each of the following written charges requested by him : (1.) "Unless the jury find from the evidence in this case that the plaintiff claimed the note sued on, as the property of her deceased husband's estate, exempt from administration and the payment of debts of her deceased husband, then your verdict must be for the defendant." (2.) "The court charges the jury that there is no evidence in this case that plaintiff ever claimed the note sued on as property of her deceased husband's estate, as exempt from administration and the payment of debts." (3.) "The court charges the jury that there is no evidence in this case that there has been no administration upon the estate of J. W. Edwards, deceased." (4.) "Unless the jury believe from the testimony that there has been no administration upon the estate of J. W. Edwards, deceased, then your verdict must be for the defendant." (5.) "When a debtor gives a new note for a pre-existing debt, such new note, in the absence of an agreement, operates as an extension of the time of payment of the original debt." (6.) "If the jury believe the evidence in this cause, they must find the issue in favor of the defendant."

Upon the return of a verdict in favor of the plaintiff, the defendant made a motion for the new trial, assigning as grounds of said motion, 1st, that the verdict of the jury was contrary to the evidence and the charge of the court ; 2d, that the court erred in giving the charges requested by the plaintiff ; 3d, that the court erred in refusing the several charges requested by the defendant ; and, 4th, that the court erred in overruling the defendant's demurrer to the amended complaint, and in sustaining the plaintiff's demurrer to the several pleas of the defendant. The court overruled this motion. There was judgment rendered for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

[Howle v. Edwards.]

MERRILL & BRIDGES, for appellant.—The judgment for the plaintiff in this suit would be no bar to an action on the note sued on by the rightful administrator of the estate of J. W. Edwards, deceased; the plaintiff never having made a selection of the note sued on as exempt from admistration and payment of debts, in any of the forms prescribed by statute.—*Howle v. Edwards*, 97 Ala. 649; *Little v. McPherson*, 76 Ala. 552; *Chandler v. Chandler*, 57 Ala. 300; *Tucker v. Henderson*, 63 Ala. 280.

2. Where a surety requests a creditor to sue the principal, he being solvent, and where the creditor fails to do so, and to use due diligence to collect the debt, whereby, by reason of the subsequent insolvency of the principal, no recovery can be had of him, the surety is released. *Bruce v. Edwards*, 1 Stew. 11; *Herbert v. Hobbs*, 3 Stew. 10; *Goodman v. Griffin*, 3 Stew. 160; *Howle v. Edwards*, 97 Ala. 649.

AIKEN & BURTON, *contra*.—The plaintiff in this suit had the right to maintain the action. On a close examination of the statute (Code of 1886, § 2564), it will be seen that the right of the widow to sue, does not depend on the fact that no letters of administration have issued. Even if letters had issued, and the exempt property had not been set aside, section 2564 gives the possession of the exempt property and right to sue to the widow. The title to exempt property does not vest in the administrator under this section. It changes the law in this respect, especially when everything owned by decedent is exempt. The legislature intended by section 2564 to secure to widows and minor children the exempt property, at all events, independent of any administration.

There was no error in giving the 2d and 3d charges requested by the plaintiff. Under the facts of the case it was not necessary that the suit should have been brought upon such a demand, as was alleged to have been made.—*Harrison v. Price*, 25 Gratt. 553; *Peters v. Lowenschmidt*, 58 Mo. 464; *Conklin v. Conklin*, 54 Ind. 289; *Towns v. Farrow*, 2 Hawks, (N. C.) 163.

HEAD, J.—When this case was here on a former appeal (97 Ala. 649), it was said the plaintiff, the widow of the deceased owner of the note in suit, could not maintain the action by virtue of her right, as widow, to claim the

[Howle v. Edwards.]

note as exempt property, without averment and proof of the prior selection of the note as exempt property, in the mode prescribed by the statute ; citing *Tucker v. Henderson*, 63 Ala. 280. That decision was without reference to the act of February 12, 1885 (Acts of 1884-85, 114), as amended by the act of February 12, 1887 (Acts of 1886-87, 112), evidently for the reason that the complaint, as then before the court, could not bring the case within its influence. By one section of that act, which was substantially carried into section 2564 of the Code of 1886, the widow was expressly authorized to sue in cases such as the complaint, as amended, now discloses. This provision (section 2564) was not impaired by the amendatory act of February 12, 1887, *supra*. The case of *Tucker v. Henderson, supra*, was decided upon the exemption statute of 1873.

Upon the allegations of the present complaint, we hold the action was properly brought by the widow, and the demurrers, insisting to the contrary, were properly overruled, and the demurrers to pleas A and B, properly sustained.

The case was tried upon issue joined upon the general issue and the first, second and third pleas. There was no sworn plea denying plaintiff's beneficial ownership of the note sued on, and there is, hence, no open question of her right to maintain the suit. The facts averred in the complaint, showing her succession, by operation of the statute, to the beneficial ownership and right of reduction to possession, must be deemed as conclusively established by the failure to deny them under oath, as if her claim to the succession had been by virtue of alleged assignment of the note, executed to her by the payee in life.—Rule of Practice 29, Code, p. 810. The evidence, therefore, to which exceptions were reserved, tending to prove the facts alleged touching her ownership and right to sue, or offered by the plaintiff for that purpose, could have done the defendant no conceivable injury.

There was issue between the parties, upon defendant's allegation that he was a surety merely upon the note sued on, &c. The note not disclosing otherwise, he was, *prima facie*, a principal debtor with R. B. Edwards ; the burden being upon him to show the contrary. Upon that issue, the questions put to him by plaintiff, on cross-

examination, to which objections were made, were competent, and the court committed no error in respect to them, or the answers thereto.

The facts involved in, and supporting, the oral instruction of the court, to which exception was reserved, were confessed by the want of sworn plea, so the court could properly charge upon them without hypothesis.

The several charges given by the court, at the request of the plaintiff, were free from error; and there was no error in refusing either of the charges requested by the defendant.

We are not prepared to say the circuit court did not exercise a sound discretion in overruling the motion for a new trial.

To obviate any misleading tendency of our opinion pronounced when the cause was formerly before us, in reference to the competency of the defendant, Howle, to testify to transactions with the deceased, J. W. Edwards, we remark that a careful reading of the opinion will show, that what was said in favor of his competency rested upon the postulate that the estate of J. W. Edwards could not be affected by the result of the suit, which postulate, itself, resulted from the principal declared that the widow could not, upon the then allegations of the complaint, sue, as the legal successor of the deceased, through the operation of the exemption statutes, without a selection of the claim, as exempt, in a mode prescribed by statute.

We have seen, that, in cases like the present, as disclosed by the special facts alleged in the complaint and confessed by the special pleas, she may sue by the express authority of section 2564 of the Code of 1886, and it can not be held that a lawful recovery by her, in such an action, so expressly authorized by statute, would not preclude the personal representative from a subsequent recovery upon the note. The legal effect, therefore, necessarily is, that the widow lawfully suing, under the statute, is *pro hac vice* the representative of the deceased. She sues to enforce the rights of the deceased, to the end that his assets may be realized and the direction given to them which the statute prescribes—that they may go to his widow and minor children for their support. It is a limited process of administration which the widow is authorized to carry on, and the character

she assumes can not be other than an administrative and representative one. The defendant was, therefore, incompetent to testify, on the trial of the action, as to transactions with the deceased.

Affirmed.