# Dicus *et al. v.* Childress.

### Bill in Equity to enforce Vendor's Lien.

1. *Witness; competency of defendant to testify as to transactions with deceased.*—Where a widow and minor children of a decedent, to whom there has been duly and regularly set apart, as a part of their exemptions, a note owned by the decedent at the time of his death, file a bill to enforce the collection of said note by having a vendor's lien declared, the defendant to such suit, who was the maker of said note, is incompetent to testify as to transactions had with or statements made by the deceased in reference to said note.

2. *Same; administrator competent witness.*—In such case, the administrator of the intestate's estate, who was appointed prior to the setting apart of the exemptions to the widow and minor child, and who is not a party to the suit, has no pecuniary interest in the result of the suit, and is, therefore, not incompetent as a witness therein to testify as to statements by or transactions with the intestate in reference to the note sued on.

[Dicus *et al.* v. Childress.]

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. WM. H. SIMPSON.

The bill in this case was filed by the appellee, Maggie A. Childress, who was the widow of J. A. Childress, deceased, and the minor children of said J. A. Childress, deceased, who sue by their next friend and mother, said Maggie A. Childress, against the appellants, Ann Netie Dicus and W. H. Dicus.

It was averred in the bill that on September 19, 1888, J. A. Childress sold and conveyed to the defendant, Ann Netie Dicus, certain lands specifically described in the bill; that upon the date of the sale said Ann Netie Dicus by and with the written consent of her husband, W. H. Dicus, executed to J. A. Childress a bond in the sum of $400, payable two years after date, to secure the payment of said sum as a deferred payment, for the purchase money of the lands so sold and conveyed; that there had been paid upon said bond at different times, several sums, aggregating $86, and that the balance on said bond, with interest, was due and unpaid. It was averred that J. A. Childress died intestate, a resident of Jackson county, in October, 1896, leaving the said Maggie A. Childress, his widow, and the other complainants, his minor children, surviving him; that on November 17, 1896, letters of administration on the estate of J. A. Childress, deceased, were granted to S. P. and H. C. Childress and three named parties were appointed appraisers of said estate and commissioned to set apart and allot to complainants the exemptions allowed by law. That said commissioners duly set apart and allotted as part of the exemptions due complainant the bond aforesaid, which was executed by Ann Netie Dicus to J. A. Dicus, and the report was duly confirmed. As holders and owners of said bond, the complainants prayed in the bill that a vendor's lien be established upon the lands described as security for the collection of said bond, with interest thereon, and the costs of the suit.

The defendants filed an answer to the bill, in which they admitted the execution of said bond, but averred that they were entitled to a credit of $400 which was

paid by Ann Netie Dicus, in cash on January 3, 1891, leaving a balance due on said bond of $80. In their answer they offered to pay said balance, with the costs which had accrued. The only controversy in the case was as to whether or not the credit of $400 claimed in the answer should be allowed.

The testimony for the complainants tended to show that the receipt which was offered in evidence was alleged to have been given by J. A. Childress to Ann Netie Dicus for $400, dated January 3, 1891, was not in the handwriting of said J. A. Childress, nor was the signature thereto in the handwriting of J. A. Childress, and that the receipt was feigned and simulated, and that the said $400 had not been paid as claimed by defendants. S. P. Childress and H. C. Childress, who were the administrators of the estate of J. A. Childress, each testified to these facts and further testified to statements by and transactions with the deceased, J. A. Childress, tending to show that the $400 had not been paid. The defendants objected to the admissibility of this testimony, on the ground that said witnesses were incompetent to testify to statements by and transactions with the deceased, inasmuch as they were the administrators of the decedent's estate, and were, therefore, interested in the result of the suit. These objections were overruled. Ann Netie Dicus and her husband and her son, each testified to the payment of the money and to the giving of the receipt. The testimony of the defendant, Ann Netie Dicus was objected to by the complainants, on the ground that she was incompetent to testify as to transactions with or statements made by the deceased. These objections were sustained.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree granting the relief prayed for by the complainants. From this decree the defendants appeal, and assign as error the rendition of said decree, and the rulings of the chancellor upon the evidence.

The original receipt alleged to have been given by J. A. Childress to Ann Netie Dicus, by the order of the chancellor, was certified to this court together with the appeal.

[Dicus *et al.* v. Childress.]

J. E. Brown, for appellants, cited Code, §§ 1794, 2073; *Glover v. Gentry*, 104 Ala. 222; 112 Ala. 500; *Sublet v. Hodges*, 88 Ala. 491; *Drew v. Simmons*, 58 Ala. 463; *Lewis v. Eaton*, 50 Ala. 470.

Martin & Bouldin, *contra.*—The defendant, Ann Netie Dicus, is incompetent to testify to transactions with or statements by J. A. Childress, deceased.—*Howle v. Edwards*, 113 Ala. 187 (197). H. C. and S. B. Childress are not parties to the suit, and have no "pecuniary interest in the result of the suit." They are competent witnesses.—*Howle v. Edwards*, 97 Ala. 649, (653).

It is the province of the court to compare the disputed receipt and the signature thereto with other receipts, and the signatures thereto, as well as the indorsements on the note, showing the genuine signature of J. A. Childress.—9 Amer. & Eng. En. of Law, 288-89, note 1; *Moon v. Crowder*, 72 Ala. 79; *Bestor v. Roberts*, 58 Ala. 331.

DOWDELL, J.—The defendant, Ann Netie Dicus, was incompetent to testify as to transactions with, or statements by, J. A. Childress, deceased.—*Howle v. Edwards*, 113 Ala. 187.

When H. C. and S. P. Childress qualified as administrators of the estate of J. A. Childress, deceased, whatever of title or interest they may have acquired by virtue of their office as such administrators in the personal property of their intestate, was subordinate to the superior right of the widow and minor children as to the exemptions given them by the statute. The note here sued upon was duly and regularly set apart to the widow and minor children under the provisions of the statute. They were not transferees of the administrators of said note, but their possession and title were acquired by operation of law. These administrators are not parties to the suit, nor have any "pecuniary interest in the result of the suit." The rule rendering transferors incompetent as witnesses in suits by the transferee for the enforcement of the claim transferred, to testify as to statements by, or transactions with, a de-

[Moore v. Monroe Refrigerator Co.]

ceased party, is without application in the present case. H. C. and S. P. Childress were therefore competent witnesses.

We have carefully examined the original papers sent up for our inspection, and when taken in connection with the testimony bearing on the question, we see no good reason for differing from the learned chancellor in the conclusion that the $400 receipt is not genuine. The decree of the chancery court must be affirmed.

Affirmed.