# Barnes *v.* White, *et al.*

### Specific Performance.

(Decided February 10, 1915.   71 South. 114.)

1. **Specific Performance; Land; Oral Contract; Evidence.**—To authorize the specific performance of an oral ·contract to convey land, as being taken out of the statute of frauds by a part performance, its terms must be established by clear, definite and non contradictory evidence.

2. **Witnesses; Competency; Transaction with Decedent.**—A party to a contract made with a decedent is not competent to testify thereto as a witness for persons claiming under him as against the heirs of decedent.

APPEAL from Covington Chancery Court.
Heard before Hon. ED. T. ALBRITTON.
Bill by William R. Barnes against Frank White and others, to specifically perform an oral contract to convey lands. From a decree for respondents, complainant appeals. Affirmed.

JONES & POWELL, for appellant. BALDWIN & MURPHY, for appellee.

[Barnes v. White, et al.]

MAYFIELD, J.— (1) This is a bill for specific performance to convey land, where there is no written contract or even memorandum of the terms of sale. The bill is sought to be maintained under the exception mentioned in the statute of frauds; that is, on the ground that a part of the purchase price was paid, and the vendee was put in possession of the lands agreed to be conveyed. The bill is not filed by a party to the contract or against a party to the contract to convey. It is filed by the vendee of one party to the contract against the heirs of the other party. It is filed more than ten years after the date of the alleged contract to convey. One of the parties to the contract had been dead for more than ten years before the bill was filed.

What was said by Stone, J., in *Pike v. Pettus,* 71 Ala. 99, 100, is conclusive of this case: "In Waterman on Specific Performance, § 165, it is said: 'The parol agreement must be clearly proved, in order to take it out of the statute by part performance. * * * Equity will not enforce specific performance of a parol agreement, if the evidence of such agreement is contradictory.' And in 1 Sto. Eq. Jur., § 762, it is said: 'In order to make the acts such as a court of equity will deem part performance of an agreement within the statute, it is essential that they should clearly appear to be done solely with a view to the agreement within the statute, it is essential that they should clearly appear to be done solely with a view to the agreement being performed. For, if they are acts which might have been done with other views, they will not take the case out of the statute, since they cannot properly be said to be done by way of part performance of the agreement.' After mentioning certain acts which are insufficient, this author proceeds to say that it is not enough when the proof only shows acts of an equivocal nature, but that, to be deemed a part performance, the acts 'should be so clear, certain, and definite in their object and design as to refer exclusively to a complete and perfect agreement of which they are a part execution.' "

To entitle a complainant to specific performance of such contracts, the terms must be distinctly alleged, and established by clear and definite testimony; and, if the proof fails to establish the contract as alleged, or if any of its terms are left in doubt or uncertainty, specific performance should not be decreed.— *Aday v. Echols,* 18 Ala. 353, 52 Am. Dec. 225; *Goodwin v. Lyon,* 4 Port. 297; *Ellis v. Burden,* 1 Ala. 458.

(2) The evidence in this case is far from being certain and definite as to the terms of such contract as is sought to be enforced. Every material allegation is denied by allegation and proof. One of the parties to the contract is dead, and the other, of course, is incompetent to testify as to the transaction which he had with the deceased party when the heirs of the latter are interested in the suit. What was said in the case of *Boykin v. Smith*, 65 Ala. 299, is conclusive as to the competency of Will White to testify as to the contract in question. It was there said: "In permitting Christopher Boykin to testify that he acquired possession of the lands from his deceased father, and that his father said he would give him title to the lands, the circuit court erred. True, the witness is not a nominal party to this suit; but the defendant is his grantee, claiming to have derived from him the title which was vested in his father while living. The appellant was claiming to recover an undivided one-eleventh part of the lands, as having descended to him from his father. If the suit were between the appellant and Christopher Boykin, the latter would be within the words of the exception in the statute prohibiting a party from testifying 'to transactions with, or statements by, a deceased person, whose estate is interested in the result of the suit.'—Code of 1876, § 3058. The purpose of the evidence, and the only result to be reached by it, would be to take away the legal rights of the appellant as heir at law. The policy of the exception is the exclusion of the parties in interest from testifying to transactions with or statements by a deceased person when the purpose of the evidence is to diminish the rights of the deceased, or of those claiming in succession to him."—*Key v. Jones*, 52 Ala. 247."

But, if the evidence of Will White is admitted, it is denied by many witnesses and circumstances, and for the court to grant the relief prayed might achieve a result never contemplated by the parties, and might enforce a contract never made. Apropos to this is the dictum of Lord Erskine (13 Ves. 77, 79), as follows: "If a court of equity can compel a party to perform a contract substantially different from that which he entered into, and proceed upon the principle of compensation, as it has compelled him to execute a contract substantially different, and substantially less than that, from which he stipulated, without some very distinct limitation of such jurisdiction, having all the pre-

[Marshall v. Lister, et al.]

cision of law, the rights of mankind under contracts must be extremely uncertain."—6 Eng. Rul. Cas. 754, note.

We do not desire to be committed to the proposition that the complainant can maintain this bill against these respondents. We leave that question undecided, for the reason that, if the bill could be maintained, the proof does not warrant the relief prayed, or any other appropriate relief, against these respondents, appellees here.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.