147 So. 172

### INGRAM v. JOHNSON.

### 8 Div. 482.

Supreme Court of Alabama.

Jan. 23, 1933.

Geo. B. Jones and W. H. Mitchell, both of Florence, for petitioner.

Bradshaw & Barnett, of Florence, opposed.

ANDERSON, Chief Justice.

As we understand, from the opinion of the Court of Appeals, the appellee was entitled to the fund in question, not because she was the named beneficiary and that the insured had no right to change same ordinarily, but the change or assignment made by him to his daughters was invalid because he had previously given or assigned the policy to said Ida Johnson which was without consideration, and that said assignee or donee had no insurable interest in the life of the insured, Oscar Morgan. In other words, the question we are called upon to decide is the soundness of the opinion of the Court of Appeals in holding valid the gift or assignment of the policy to said Ida Johnson who had no insurable interest in the insured, Oscar Morgan.

In the case of Helmetag's Adm'x v. Miller, 76 Ala. 183, 52 Am. Rep. 316, it was held that such an assignment as the one here involved was illegal and void as being in the nature of a wager policy. This case was decided at the December term, 1883, fifty years ago, and has been so frequently cited and approved as to become stare decisis. Alabama Gold Life Ins. Co. v. Mobile Mutual Ins. Co., 81 Ala. 332, 1 So. 561; Stoelker v. Thornton, 88 Ala. 246, 6 So. 680, 6 L. R. A. 140; Behr v. Gerson, 95 Ala. 438–443, 11 So. 115; Sands, Adm'r, v. Hammell, 108 Ala. 626, 18 So. 489; Spies v. Stikes et al., 112 Ala. 584–588, 20 So. 959; Culver, Trustee, etc., v. Guyer, 129 Ala. 602–607, 29 So. 779; Troy v. London, 145 Ala. 280, 39 So. 713; Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134 So. 25.

The case of McDonald v. McDonald et al., 215 Ala. 179, 110 So. 291, 293, is not in conflict with this rule. True, the opinion in this

case makes the broad statement that "a policy of life insurance may, like other choses in action. be assigned by way of gift," but there was no attempt to recede from the exception that such a policy may not be assigned by way of gift to one who has no insurable interest in the assured. In fact, the assignment there was to the wife of the insured who had an insurable interest.

The case of Haase et al. v. First Nat. Bank of Anniston, 203 Ala. 624, 84 So. 761, while discussing the question and pointing out that Alabama is among the minority states in this holding, as pointed out in Joyce on Insurance, § 919, the writer of the opinion expressly disclaimed a necessity for an approval or departure from our line of decisions upon the idea that the assignment to Wurtzburger was made in New York or Tennessee, states where the other rule obtained, and applied the law of said states to the assignment. The latter part of the opinion, however, is somewhat confusing, if not inconsistent with the former, as it appears that the assignment by Wurtzburger to the appellee bank was made in Alabama, and the only reason why our rule would not control seems to be that there is a difference between an assignment by the assignee of a policy and an assignment by the insured. Whether such a distinction is well founded or not, we need not decide, as we have no such question before us. At any rate, if said case conflicts with our well-established rule for fifty years, this Haase Case, supra, must be qualified.

We think the Court of Appeals erred, as matter of law, in holding that, according to the facts, as set out in the opinion, the gift or assignment of the policy by Oscar Morgan to Ida Johnson was valid.

Writ awarded and reversed and, remanded to the Court of Appeals for further consideration.

All the Justices concur.