33 So.2d 251

**JENNINGS et al. v. JENNINGS.**

**6 Div. 561.**

Supreme Court of Alabama.

Nov. 20, 1947.

Rehearing Denied Jan. 22, 1948.

J. B. Ivey, of Birmingham, for appellant.

Earl McBee and Kelvie Applebaum, both of Birmingham, for appellee.

SIMPSON, Justice.

Bill of interpleader by appellee insurance company against Safronia Jennings, appellant, and Lila Jennings, appellee, to resolve the conflicting claims of the two Jennings women to the proceeds of an insurance policy on the life of Will Jennings, deceased husband of Lila.

This is the second appeal from the decree awarding Lila the proceeds of the policy. The opinion in the former appeal contains an ample recital of the facts and fully canvasses the pertinent authorities. Jennings v. Provident Life & Accident Ins. Co., 246 Ala. 689, 22 So.2d 319.

The facts material to the present decision are: Insured was married to Lila in 1926, from whom he was never divorced. He abandoned her years before his death and lived for a time with one Mabel as his wife, who was first named beneficiary in the suit policy. Later he took up concubinage ·with Safronia and changed the beneficiary in the policy to her. Then thereafter, and shortly before his death, he abandoned Safronia and returned to live the rest of his days with Lila, saying he had come back "to stay with Lila until death." He then lived continuously with Lila until he died some several months after his return. Soon after he rejoined his said wife he repossessed the policy from Safronia, who had possessed it during their cohabitation, and brought it home and gave it to Lila with appropriate words indicating an intention to make a present and absolute delivery of it to her as a gift, after which Lila continued to possess the policy until his death, when she gave it to the funeral company which had undertaken arrangements to inter the remains.

These pertinent facts have been heard and considered by two different trial judges, who each decided the issue in favor of Lila, awarding her the right to the proceeds of the policy, and this court is not disposed to take a contrary view. We think the evidence duly warranted such a finding.

By its terms the insured had the unrestricted right to change the beneficiary in the policy at will, of consequence of which the designated beneficiary (Safronia) would have acquired no vested interest therein until the death of the insured, had the status of the parties remained as before the gift thereof to Lila. And Lila, as insured's wife, had an insurable interest in the subject of the policy and it was therefore assignable to her by way of gift inter vivos as was claimed by her. Ingram v. Johnson, 226 Ala. 68, 147 So. 172; McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761; Helmetag's Adm'r v. Miller, 76 Ala. 183, 52 Am.Rep. 316; Phillips v. Phillips,

240 Ala. 148, 198. So. 132; Jennings v. Provident Life & Accident Ins. Co., supra.

It was pointed out in this case in the opinion on the first appeal that:

"* * * The rule in this jurisdiction, as stated in well-considered text books and general authorities, is that a life insurance policy held by the insured on his own life is a 'chose in action,' which, like a chattel, may be the subject of a gift. When the right to change the beneficiary is reserved, the named beneficiary has no vested right in the policy before the death of the insured, and a change of beneficiary as between claimants may be made by gift of the policy to another than the named beneficiary, if done with the intent to presently pass title to the donee, and make the donee beneficiary of the policy. Such a gift may be made effective by words and acts without writing. That is, a completed gift must appear in this as in other gifts of chattels. McDonald v. McDonald, 215 Ala. 179, 110 So. 291." Jennings v. Provident Life & Accident Ins. Co., supra, 246 Ala. 693, 694, 22 So.2d 321.

In connection with this general statement of principle the limitation on the rule indicated in the case of Ingram v. Johnson, supra, should be kept in mind. For other cases see 12 Alabama Digest, Insurance ⚖121.

■ So, delivery by gift of the policy to Lila, his lawful wife, with the intent of vesting immediate ownership thereof in her, though without any writing to that effect, was sufficient in equity to so invest it as against the named beneficiary, Safronia. Jennings v. Provident Life & Accident Ins. Co., supra; McDonald v. McDonald, 215 Ala. 179, 110 So. 291; Whitman v. Whitman, 225 Ala. 113, 142 So. 413; Phillips v. Phillips, supra; Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 3, 134 So. 25; Barfoot v. Barfoot, 245 Ala. 593, 18 So.2d 465.

■ It was indicated on the former appeal that the declarations of the donor, Will Jennings, surrounding the delivery of the policy to his wife and as to his purpose in giving it to her were admissible as bearing on his intent and as corroborative of the fact of a gift to her. Jennings v. Provident Life & Accident Ins. Co., supra, 246 Ala. page 695, 22 So.2d 319. We adhere to this holding as a soundly established rule of law. Cf. Gillespie's Adm'r v. Burleson, 28 Ala. 551; Clements v. Hood, 57 Ala. 459; Autrey v. Autrey's Adm'r, 37 Ala. 614; Thomas v. Tilley, 147 Ala. 189, 41 So. 854; Rumbly v. Stainton, 24 Ala. 712; Montgomery v. McNutt, 214 Ala. 692, 108 So. 752; 28 C.J. 675, § 80, 38 C.J.S., Gifts § 66; 26 A.L.R. 1162 et seq., n. IV; 105 A.L.R. 398, note.

Our holding in regard to the admission of certain of this evidence on the former appeal, however, the court is of the opinion, should be revised. It was there held that due to the proscription of Code 1940, Title 7, § 433, the donee of the policy, Lila, was precluded from testifying as to any statement made by or transaction with the insured regarding its delivery to her because, as construed, the insured's estate was interested in the result of the suit, the rationale being that under the rule that the statute applies to protect those claiming in legal succession to the deceased, the same as the estate of the deceased when the other conditions exist, Safronia, as the designated beneficiary in the policy, stood in such succession and should be considered in the same aspect as a legatee under a will, thereby rendering Lila's testimony on the question incompetent under the statute.

On further mature consideration, we have reached the view that this interpretation of the statute was laid in error and should be overruled. However the present litigation between these two rival claimants to the proceeds of the insurance policy might eventuate, neither the estate nor any one in legal succession thereto would be in any way concerned or affected by the outcome of the litigation. Both Lila and Safronia claim the proceeds of the policy through transactions between them, respectively, and the decedent, alleged to have occurred in his lifetime and neither his heirs nor distributees nor personal representative are proper parties to or interested in the result of this suit as opposing the interest of Lila, the donee and assignee of the policy.

■ Clearly Lila's claim was unaffected by the proscription of the dead man's statute because it was based on an absolute gift inter vivos (McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761), and, as correctly held in the first Jennings case, the statute inhibiting the testimony of parties does not apply "where the evidence is offered against one who succeeded to the rights of decedent by a transaction effective during his life. Goodgame v. Dawson, supra [242 Ala. 499, 7 So.2d 77]; Nelson v. Howison, 122 Ala. 573, 25 So. 211."

■■ It is equally clear that Safronia, as the named beneficiary in the policy, was likewise without the purview of the statute since her claim was not as an heir, widow, devisee, or successor to an interest in the estate of decedent after his death, but was to a sum of money due from the insurance company. The difference between (1) a designated beneficiary in a policy of insurance, whether or not there is reserved a right to change the beneficiary or whether or not such beneficiary has contract rights or equities in the insurance, and (2) a legatee in a will with no such contract rights, is that as to the former the insurance is no part of the estate of the insured, is not subject to administration and, except for fraud, not subject to payment of debts. Title 7, § 624, Code 1940. Such beneficiary does not claim under the estate in legal succession, cf. Ward v. New York Life Ins. Co., 225 N.Y. 314, 122 N.E. 207, but a legatee does. A legacy does not prevent the property willed from being a part of deceased's estate subject to administration, Code 1940, Title 61, § 217; Powell v. Labry, 210 Ala. 248, 97 So. 707, and the legatees and heirs thus claim under such estate in legal succession. 69 C.J. 1217, § 2557. And so Safronia, as the named beneficiary in the policy, was not the pro hac vice representative of the estate as a legatee or heir or otherwise.

An application of the statute has been recognized when one of the parties to the litigation claimed as widow or heir of the decedent or had succeeded to the interest of the estate after the decedent's death. Dunn v. Martin, 230 Ala. 684, 163 So. 323; Smith v. Cook, 220 Ala. 338, 124 So. 898; Loring v. Grummon, 176 Ala. 240, 57 So. 819; Federal Land Bank v. Curington, 233 Ala. 263, 171 So. 361; Dicus v. Childress, 128 Ala. 617, 29 So. 617; Howle v. Edwards, 113 Ala. 187(7), 197, 20 So. 956; Barnes v. White, 195 Ala. 588, 71 So. 114.

■ As demonstrated above, however, the parties to this litigation claiming of the insurance company the proceeds of the policy are not of such a status and are not controlled by the same principle. The question under consideration, as we view it, is controlled by the rule in Nelson v. Howison, 122 Ala. 573, 25 So. 211, referred to in Goodgame v. Dawson, 242 Ala. 499, 502, 7 So.2d 77. For here, whoever may be successful in the litigation could not affect the insured's estate or those claiming under him in legal succession (Key v. Jones, 52 Ala. 238, 247; Barnes v. White, 195 Ala. 588, 71 So. 114) and the testimony of Lila as to statements of her husband regarding a present gift of the policy to her was not inhibited under the statute (Title 7, § 433, Code 1940) and the rule announced in the first Jennings case on the question considered is thus revised.

■ The last preceding observations are to correct what is viewed as an error in the first decision, but as to appellant's contention that error intervened by the admission of such evidence, we are persuaded that in any event the point would not be well taken. The court was careful to sustain the objections interposed to such evidence and made it clear on the trial that all testimony of Lila Jennings relating to any transaction with or conversation by her deceased husband regarding the insurance policy and the res gestae of its delivery to her was being excluded from his consideration. So considered, the point for error in any aspect would not be well taken. Code 1940, Title 7, § 372(1).

■ There is likewise no merit in the insistence—if indeed appellant, who has been adjudged to have no interest in the policy proceeds, could take the point—that the court erroneously allowed a fee for complainant's solicitor to be included in the court costs to be paid out of the fund deposited in court. The chancellor was

vested with a discretion in this regard, which is not shown to have been abused. Equity Rule 36, Code 1940, Tit. 7, Appendix; Collins v. Baxter, 231 Ala. 247(6), 164 So. 61.

■ Counsel for appellant, both in oral argument on submission of the cause and in exhaustive written briefs, has exhibited much diligence in presenting his client's case and we have given the various assignments of error studious consideration. We are convinced, however, that no reversible error is shown. On the issue of fact decided, the witnesses were heard ore tenus and we are not persuaded that the conclusion reached on trial was palpably erroneous and of consequence must affirm that decision. West Digest, Appeal & Error, ☜1008(1). And as to the propositions of law advanced to sustain the several claims of error, we are equally convinced they are untenable.

So considered, the decree is affirmed.

Affirmed.

All the Justices concur.