FREDERICK H. CYRENIUS, as Administrator of ALVIN CYRENIUS, Deceased, Respondent, *v.* THE MUTUAL LIFE INSURANCE COMPANY of New York, Appellant.

*Ownership of a policy of life insurance — when the application therefor is evidence of ownership thereof — payment of premiums thereon — effect of a delivery thereof — setting aside of a verdict.*

An application for a policy of insurance may be properly referred to, in order to determine a question as to the ownership of the policy, where such application states that it is the basis and a part of the contract, and it is referred to in the policy as furnishing in part the consideration therefor.

Where a policy of insurance was taken out by a son on the life of his father, the fact that the father furnished the money for the first premium, and the greater part of the other premiums, is entirely consistent with the idea that the son is the beneficiary under the policy, and the delivery thereof by the son to his father, in the absence of any evidence showing an intent to transfer his title thereto, is not sufficient to show that he parted with his rights therein.

The evidence considered and commented upon which is sufficient to justify the reversal of the finding of a jury, that the plaintiff's intestate, and not a third person, was the owner of and beneficiary under a policy of life insurance.

APPEAL by the defendant, the Mutual Life Insurance Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 24th day of October, 1892, upon the verdict of a jury rendered at the Oswego County Circuit, and also from an order entered in said clerk's office on the 7th day of January, 1890, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

The action was brought on a policy of insurance. In the complaint it is alleged that on the 18th of June, 1873, the defendant duly issued and delivered to Alvin Cyrenius its policy of insurance, whereby, in consideration of $198.87, to the defendant then paid by George A. Cyrenius, son of Alvin, and of the payment of a like amount annually thereafter, the defendant did insure the life of Alvin Cyrenius in the amount of $3,000 for the term of his natural life, and agreed to pay the same to the assured, his executors, administrators or assigns in sixty days after due notice and proof of death; that the annual premiums were duly paid less the dividends due under the policy, and the policy was in full force to the 18th of June, 1877; that on the 6th of June, 1877, Alvin Cyrenius died, and thereafter, on the 19th of June, 1877, Lucy W. Cyrenius was duly appointed administratrix of the deceased, and proofs of death were duly forwarded to the defendant.

The answer denies the delivery of the policy to Alvin Cyrenius, or that the premium due on the 18th of June, 1876, was paid, or that the policy was continued in force to June 18, 1877, or that anything was due thereon. It alleges that the premium due June 18, 1876, was not paid, and that the policy thereupon became void; that the policy was issued and delivered to George A. Cyrenius and for his benefit, and he became and was the owner thereof, and that the plaintiff or Alvin Cyrenius never had any interest therein; that on the 10th of August, 1874, George A. transferred his interest in the policy to Frederick H. Cyrenius, and the same is now owned by him and not by the plaintiff.

The plaintiff in the action as originally commenced on December

6, 1877, was Lucy W. Cyrenius, as administratrix, etc., of Alvin Cyrenius, deceased. She has since died, and Frederick H. Cyrenius was appointed administrator in her place and substituted as plaintiff.

*William H. Shepard*, for the appellant.

*W. A. Poucher* and *William Tiffany*, for the respondent.

MERWIN, J.:

The main questions litigated at the trial were (1) whether the cause of action, if any, belonged to the estate of Alvin Cyrenius, and (2) whether there was a valid extension of time for the payment of the premium that became due on the 18th of June, 1876.

The court left it to the jury to say, *first*, whether or not the policy was received by Alvin in his lifetime as a policy insuring himself for the benefit of himself and of his estate, and was so held by the parties up to the time of his death, and, *second*, whether in 1876, before June eighteenth, George Cyrenius paid fifty dollars upon an agreement that that should be received as part of the premium, and that he should have time, a month or more, for the payment of the balance, and thereafter, in accordance with the agreement, did pay the balance. The court charged that if both these propositions were found in favor of plaintiff he could recover, otherwise not. So we must assume that the jury found both of these questions in favor of plaintiff.

The appellant claims that upon the uncontradicted evidence the plaintiff, as administrator, has no interest in the policy, and that the question of ownership should not have been submitted to the jury.

The policy is dated June 18, 1873, and by its terms it is provided as follows:

" The Mutual Life Insurance Company of New York, in consideration of the representations made to them in the application for this policy, and of the sum of one hundred and ninety-eight dollars and eighty-seven cents, to them duly paid by George A. Cyrenius, son of Alvin Cyrenius, and of the annual payment of a like amount on or before the 18th day of June in every year during the continuance of this policy,

" Do insure the life of the said Alvin Cyrenius of Scriba, in the county of Oswego, State of New York, in the amount of three

thousand dollars for the term of his natural life. And the said company do hereby promise and agree to pay the amount of the said insurance at their office in the city of New York, to the said assured, his executors, administrators or assigns, in sixty days after due notice and proof of the death of the said person whose life is hereby insured, the balance of the year's premium, if any, being first deducted therefrom.

"This policy is issued and accepted by the assured upon the following express conditions and agreements: 1st. * * * or if any of the statements or declarations made in the application for this policy, upon the faith of which this policy is issued, shall be found in any respect untrue, then and in every such case this policy shall be null and void."

The application for the insurance bears date June 14, 1873. It is signed by George Arthur Cyrenius and by Alvin Cyrenius, the signature of the former being opposite the expression " signatures of the applicants or the persons for whose benefit the assurance is applied for," and the signature of the latter being opposite the expression " signature of the person whose life is proposed for asssurance." Upon the face of the application it is stated that the particulars therein called for are mutually agreed to form a part of the contract with the company; that the person for whose benefit the assurance is to be effected is George Arthur Cyrenius; and it is declared " by George Cyrenius, the applicant above named, and also by the person whose life is proposed for assurance," that the answers made to the questions are correct; " that the above-named applicant has an interest in the life of the said person whose life is proposed for insurance to the full extent of the amount of insurance above applied for." And it is therein "expressly stipulated and agreed that the above application and this declaration shall form the basis of the contract between the above-named persons and the said the Mutual Life Insurance Company of New York."

It is to be observed that in the policy the amount is payable "to the said assured, his executors, administrators or assigns." The question is, does the term " assured " refer to George A. Cyrenius, who is recited to have paid the consideration, or to Alvin Cyrenius, whose life was the subject of the insurance? In determining this question the application may properly be referred to. That was executed by

both Alvin and George A., and on its face stated that it was the basis and a part of the contract. It is referred to in the policy as furnishing in part the consideration. The policy is stated to be issued upon the faith of the statements and declarations made in the application. Both are part of one transaction, and are to be read together in determining its character and effect.

Reading the policy and application together, it appears that George A. Cyrenius was the applicant for the insurance, and was the person for whose benefit it was to be effected. The policy recites that the money consideration is received from him, and in the complaint it is alleged that he paid it. Such being the case, according to the doctrine laid down in *Smith* v. *Ætna Life Insurance Co.* (5 Lans. 545), the assured would be deemed to be George A. Cyrenius. A similar view is taken in *Conn. Mut. Life Ins. Co.* v. *Luchs* (108 U. S. 498).

But it is suggested that the policy was received by Alvin Cyrenius as a policy insuring himself for his own benefit, and so held up to his death, and the jury have so found. The business in regard to the policy with the agent of the company at Oswego was transacted by George A. The policy, when issued, was delivered by the agent to George A. The latter testifies that when he received the policy he delivered it to his father; that his father furnished the money for the payment of the first premium, and the larger portion of the subsequent premiums that were paid in 1874, 1875 and 1876. He does not, however, testify that there was any arrangement by which the name of the beneficiary should be changed, or by which the policy should be transferred to the father. On the contrary, George A., on the 18th of June, 1874, signed an order to the defendant to apply the dividend on the premium due at that date, which was an act for the owner of the policy to do, and the dividend was so applied. On the 10th of August, 1874, he assigned the policy with warranty of title to his brother, Frederick H. Cyrenius, and of this assignment the company was notified. On the 18th of June, 1875, Frederick H. gave an order to the defendant to apply the dividend on the premium due at that date, and it was so applied.

The case of *Bickerton* v. *Jaques* (28 Hun, 119) does not apply, as there has been here no attempt to change the beneficiary. As to

that case it may be said that the same court, in *Ferdon* v. *Canfield* (39 Hun, 575), after referring to the *Bickerton* case, say in substance that the better rule is that the assured, that is, the persons to whom payments under the policy were to be made, are entitled to the benefit of the insurance as a vested right secured by the policy.

The fact that the father furnished the money for the first premium and the greater part of the other premiums is entirely consistent with the idea that George A. was the beneficiary. The delivery of the policy by George to his father, in the absence of any evidence showing an intent to transfer the title, is not sufficient to show that George A. parted with his rights. No assignment is alleged in the complaint.

There is, it seems to me, an entire failure on the part of the plaintiff to show that Alvin Cyrenius or his estate is the owner of the policy, or of any right of action under it. The question was raised by the defendant on its motion for a nonsuit, and exception duly taken. The exception is, I think, a good one.

In this view of the case it is not important to consider the question as to the extension of time of payment of the premium due June 18, 1876. The case shows that another action is pending for the same claim brought by Frederick H. Cyrenius individually as the assignee of George A. Cyrenius.

MARTIN, J., concurred.

HARDIN, P. J.:

When this case was before us upon a former appeal there was a division in the court. A majority of the court seemed to be of the opinion that Alvin Cyrenius was not the owner of the policy, and that his estate was not entitled to recover thereon. In the course of the opinion then delivered by me, it was suggested that the evidence given upon the trial was sufficient to warrant a finding that George A. had given the policy to his father, Alvin Cyrenius, and, therefore, the action could be maintained by the administrator of Alvin Cyrenius; and that view was stated, among others, for dissenting from the opinion of a majority of the court then delivered. The evidence in the case now before us does not seem to warrant the conclusion that George A. had transferred his title and interest in the policy to his father, and the judgment recovered by the plain-

tiff cannot be sustained on that aspect of the case. It seems that the conclusion reached in the foregoing opinion of MERWIN, J., is in accordance with the views entertained by a majority of the court upon the former appeal upon the question discussed. Upon the reasoning given in the foregoing opinion, as well as upon the authorities cited therein, and because of the force of the decision made upon the former appeal by a majority of the court on that occasion, I deem it seemly that I should concur in the reversal of the judgment now before the court.

Judgment and order reversed upon the exceptions, and a new trial ordered, with costs to abide the event.