EMMA F. CUYLER, as Administratrix of the Estate of GEORGE N. CUYLER, Deceased, Respondent, *v.* MATTHEW J. WALLACE et al., as Executors of GEORGE CUYLER, Deceased, Appellants.

1. ASSIGNMENT OF LIFE INSURANCE POLICY — INSUFFICIENCY OF EVIDENCE TO SUSTAIN PRESUMPTION OF RE-ASSIGNMENT. Where the owner of a paid-up policy of life insurance assigned the same to his father, delivered the policy to him and a duplicate of the assignment was filed in the office of the insurance company, stipulated facts in an action to recover upon the policy brought after the death of both the father and

the son by the father's legal representatives, to the effect that previous to the death of the father the son was in possession of the policy and continued in possession up to the time of his (the son's) death, claiming to be the owner thereof; that the executors of the father never had possession of the policy and that upon the accounting of the said executors, objection having been made to their failure to account therefor, the son, having been subpœnaed, produced the policy and testified that he was the owner of and in possession thereof, are insufficient, in the absence of evidence as to the time when or the manner in which the son obtained re-possession, to overcome the legal presumption that the assignment continued in full force and effect and that the father died possessed in law of the policy.

2. MERE POSSESSION OF NON-NEGOTIABLE INSTRUMENT NOT EVIDENCE OF OWNERSHIP. A contention that said policy, showing upon its face that the son was the person insured, was assignable and transferable to him by mere delivery without any writing and will be presumed to have been made for a valuable consideration, cannot be sustained, since the mere naked possession of a non-negotiable instrument is not evidence of ownership and in the absence of a written assignment to him the holder must show that he is a *bona fide* holder and the manner in which he became such.

*Cuyler* v. *Wallace*, 101 App. Div. 207, reversed.

(Argued November 24, 1905; decided December 15, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 10, 1905, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The following are the stipulated facts : " The parties to the above-entitled action hereby stipulate and agree upon the following facts in this case :

" 1st. That on or about May 7th, 1867, The Connecticut Mutual Life Insurance Company issued and delivered to George N. Cuyler its policy of insurance on the life of George N. Cuyler, in and by which policy and contract of insurance the said company did insure the life of said George N. Cuyler in the sum of twenty-five hundred dollars, and did promise and agree to pay the said sum of twenty-five hundred dollars to the legal representatives of the said George N. Cuyler within ninety days after satisfactory proofs of the death

of the said George N. Cuyler had been furnished to said company.

" 2nd. That said policy of insurance became and was a fully paid up policy of insurance long before the death of said George N. Cuyler.

" 3rd. On or about August 2, 1887, George N. Cuyler assigned and delivered said policy of insurance to his father, George Cuyler, and a duplicate of said assignment was thereafter and on or about February 18, 1891, duly filed in the office of The Connecticut Mutual Life Insurance Company.

" 4th. George Cuyler died on or about November 7, 1893, at the City of Albany, leaving a last will and testament, which was duly admitted to probate by the surrogate of Albany county on the 11th day of July, 1894, and the defendants Matthew J. Wallace and Henry S. McCall were duly appointed as executors of said last will and testament and duly qualified as such and ever since that time have been and now are acting as such.

" 5th. After the assignment of said policy of insurance and the filing of a duplicate thereof with the insurance company and previous to the death of George Cuyler, plaintiff's intestate, George N. Cuyler was in possession of said policy of insurance and continued in possession thereof up to the time of his death, claiming to be the owner thereof; and the defendants Henry S. McCall and Matthew J. Wallace, as executors of George Cuyler, deceased, never had possession of said policy of insurance.

" 6th. The defendants, as executors of said George Cuyler, deceased, filed an inventory of said estate in the office of the surrogate of Albany county, on or about the 11th day of October, 1894, but no claim is therein made to the policy of insurance in question.

" 7th. The defendants, as such executors, rendered a final account of their proceedings in the year 1895, but no claim is made in the said final account of their proceedings to the policy of insurance in question.

" 8th. Objections were filed to the account of the defend-

ants as executors in that proceeding by and on behalf of Charles M. Cuyler and Ida P. Cuyler, children and next of kin of their testator, one being that the said executors had failed to account or charge themselves with the said policy of insurance and claiming that it belonged to the estate of George Cuyler.

"9th. Upon that objection testimony was taken before the surrogate of Albany county; George N. Cuyler was subpœnaed and sworn as a witness; was required to and did produce said policy of insurance, and did then and there testify that he was the owner of and in possession of said policy of insurance.

"10th. That thereafter and on or about February 18th, 1896, a decree was made by the surrogate of Albany county in the said final judicial settlement of the accounts of the defendants as executors of the last will and testament of George Cuyler, deceased, and duly filed in said surrogate's office on that day in and by which it was provided among other things, that the defendants herein retain the sum of $500 for the expenses of prosecuting an action against George N. Cuyler for the recovery of said policy of insurance.

"11th. That said George N. Cuyler died intestate on the 22d day of August, 1903, at the city of Albany, where he was born and always resided.

"12th. That the plaintiff herein was duly appointed as the administratrix of his estate by the surrogate of Albany county, on or about September 15th, 1903, and that she duly qualified, and ever since that time has been and now is acting as such administratrix.

"13th. That the said defendants never attempted by action, or any other proceeding, to recover said policy of insurance from George N. Cuyler in his lifetime, or since his death, except that the said defendants did make a claim to the moneys due on said policy of insurance from said Connecticut Mutual Life Insurance Company after the death of said George N. Cuyler.

"14th. That George N. Cuyler resided with his wife, the

plaintiff herein, for many years prior to the death of George Cuyler, at 131 Chestnut street, in the city of Albany, N. Y., and that, said George Cuyler resided on Clinton avenue, in said city of Albany.

" 15th. Annexed hereto is a copy of the will of said George Cuyler.   Dated April 23, 1904.

"(Signed by respective counsel.)"

The stipulation contains a copy of the will of George Cuyler, the father, and will be found in the record.

*Peter A. Delaney* for appellants.   The policy of insurance in question having been duly assigned in writing by the insured, George N. Cuyler, to his father, George Cuyler, the subsequent mere naked possession of said policy by said George N. Cuyler raises no presumption of ownership in him. (*Miller* v. *Ponder,* 55 N. Y. 325; *Bedell* v. *Carll,* 33 N. Y. 581; *Collins* v. *Gilbert,* 94 U. S. 753; *Brown* v. *Spoffard,* 95 U. S. 474.)   The mere naked possession of a non-negotiable note is not evidence of ownership.   In the absence of a written assignment to him the holder must show that he is a *bona fide* owner, and the manner in which he became such.   (*Merrill* v. *Smith,* 22 Tex. 53; *Ball* v. *Hill,* 38 Tex. 237; *Gano* v. *McCarthy's Adm.,* 79 Ky. 409; *Dorn* v. *Parsons,* 56 Mo. 601; *Ross* v. *Smith,* 70 Am. Dec. 327; *Cavitt* v. *Tharp,* 30 Mo. App. 131.)   In the case of a non-negotiable chose in action, mere naked possession by a third person is entitled to even less consideration as evidence of ownership than it is in the case of a non-negotiable note.   (*White* v. *City of Brooklyn,* 122 N. Y. 53; *Bowers* v. *Johnson,* 49 N. Y. 432; *Richardson* v. *Moffit - West Drug Co.,* 69 S. W. Rep. 398.) A policy of insurance is a non-negotiable chose in action. (*Palmer* v. *M. L. Ins. Co.,* 38 Misc. Rep. 318.)   George N. Cuyler having transferred said policy of insurance and all rights thereunder to defendants' testator, George Cuyler, the presumption is, in the absence of evidence to the contrary, that said George Cuyler remained and continued the owner

thereof. (*Beckwith* v. *Whalen,* 65 N. Y. 322; *Koenig* v. *Steckel,* 58 N. Y. 475; *Fassin* v. *Hubbard,* 55 N. Y. 465; *Hagar* v. *Clark,* 78 N. Y. 45; *Fry* v. *Bennett,* 28 N. Y. 330; 22 Am. & Eng. Ency. of Law [2d ed.], 1242.)

*Mark Cohn* for respondent. The unanimous affirmance precludes a review of the judgment. (N. Y. Const. art. 6, § 9; Code Civ. Pro. § 191, subd. 4.) This policy, showing upon its face that George N. Cuyler was the person insured, was assignable and transferable to him by mere delivery without any writing, and will be presumed to have been made for a valuable consideration. (*Runyan* v. *Mersereau,* 11 Johns. 534, 538; *Prescott* v. *Hall,* 17 Johns. 284; *Briggs* v. *Dorr,* 19 Johns. 95, 96; *Mack* v. *Mack,* 3 Hun, 323; *Doremus* v. *Williams,* 4 Hun, 458; *Eno* v. *Crooke,* 10 N. Y. 60; *Hooker* v. *Eagle Bank of Rochester,* 30 N. Y. 83.)

BARTLETT, J. The facts are stipulated and the sole question of law presented is whether the stipulated facts sustain the conclusions.

In May, 1867, the Connecticut Mutual Life Insurance Company issued and delivered to George N. Cuyler a policy of insurance on his life for the sum of twenty-five hundred dollars, payable to his legal representatives on proof of death. In August, 1887, George N. Cuyler assigned and delivered the policy to his father, George Cuyler, and a duplicate of the assignment was filed in February, 1891, in the office of the company.

George Cuyler, the father, died in November, 1893, in the city of Albany, leaving a last will and testament, wherein the defendants were named as his executors. After the filing of the duplicate assignment with the insurance company, and previous to the death of George Cuyler, the father, George N. Cuyler, the son, was in possession of the policy of insurance and continued in possession thereof up to the time of his death, claiming it as owner.

The defendants rendered a final account of their proceedings in the year 1895, but no claim was made by them to said

policy of insurance in the inventory or account. Two children of the testator filed objections to this account, one reason being that the executors failed to charge themselves with the policy. Testimony was taken under these objections before the Surrogate's Court of Albany county and George N. Cuyler was subpœnaed as a witness. · He was required to produce and did produce the policy, and testified that he was the owner of and in possession of the same. In February, 1896, a final decree was entered in this proceeding; the surrogate did not pass upon the question of the ownership of the policy, but inserted a provision in the decree providing that the defendants should retain the sum of five hundred dollars for the expenses of prosecuting an action against George N. Cuyler for the recovery of the policy of insurance.

In August, 1903, George N. Cuyler died intestate in the city of Albany and the plaintiff was duly appointed as the administratrix of his estate. The defendants thereupon made a claim upon the insurance company for the moneys due on the policy. After the death of George N. Cuyler his administratrix brought an action against the insurance company to recover on the policy, and on motion of the company the defendants were impleaded and the amount due on the policy was paid into court.

The trial court found as conclusions of law: *First.* That the said George N. Cuyler was at the time of his death the owner and holder of said policy of life insurance in the Connecticut Mutual Life Insurance Company. *Second.* That the plaintiff is entitled to judgment for the moneys due upon said policy of life insurance described in the foregoing findings of fact, and that she should have judgment therefor against the defendants, together with the costs of this action, to be paid out of the estate and not by the defendants personally.

The learned Appellate Division in a brief memorandum disposes of the question of law as follows: " The policy having been once shown to be legally owned by George Cuyler, there is a legal presumption of the continuance of ownership until some evidence be offered of its·re-transfer to George N.

Cuyler.  The possession of the policy itself by George N. Cuyler before the death of his father is not, in my judgment, alone sufficient to rebut the presumption of continuance of ownership of the policy by his father.  When in addition to that possession, however, is shown the failure of the executors of George Cuyler to find among his papers the assignment which was once delivered to him, a legal inference would fairly seem to follow that that assignment had been destroyed and the policy re-transferred by the father to the son.  This is sufficient in my judgment to establish a *prima facie* case of ownership in the son, and in the absence of other evidence is sufficient to sustain the conclusions of the trial justice."

The single legal question presented is whether the administratrix of George N. Cuyler, the plaintiff, has sustained the burden of proof resting upon her by showing that the policy, which was concededly assigned and delivered by the intestate to his father, was re-assigned and delivered by the father to the son.  The Appellate Division correctly stated the principles of law upon which the defendants were entitled to rest in the first instance, that the policy having been shown to be the property of George Cuyler, the law presumes a continuance of ownership until some evidence of a re-transfer, and that the mere possession of the policy by George N. Cuyler, before the death of his father, is not sufficient to rebut the presumption of continuance of ownership by the father.

The learned justice writing for the Appellate Division then states:  "When in addition to that possession, however, is shown the failure of the executors of George Cuyler to find among his papers the assignment which was once delivered to him, a legal inference would fairly seem to follow that that assignment had been destroyed and the policy re-transferred by the father to the son.  This is sufficient, in my judgment, to establish a *prima facie* case of ownership in the son, and in the absence of other evidence is sufficient to sustain the conclusions of the trial justice."

It is to be remarked in the first place that it does not appear in the stipulated facts that the executors of George Cuyler

failed to find among his papers the assignment which was once delivered to him. All that appears in the stipulation is that the executors of George Cuyler made no affirmative claim to the policy in question either in their inventory or final account and never attempted by action or other proceeding to recover said policy of insurance until after the death of George N. Cuyler, the son, when they claimed from the company the moneys due on the policy. The affirmative fact of a fruitless search for the assignment does not appear in the stipulation, and if it did it would have had no particular significance as a duplicate was on file with the insurance company.

On this vital point of the re-assignment of the policy by the father to the son, we have in this stipulation merely a statement of evidentiary facts. These facts are (1) as set forth in subdivision fifth of the stipulation as follows: "After the assignment of said policy of insurance and the filing of a duplicate thereof with the insurance company, and previous to the death of George Cuyler, plaintiff's intestate, George N. Cuyler, was in possession of said policy of insurance, and continued in possession thereof up to the time of his death, claiming to be the owner thereof; and the defendants Henry S. McCall and Matthew J. Wallace, as executors of George Cuyler, deceased, never had possession of said policy of insurance;" (2) as contained in the ninth subdivision of the stipulation, which refers to the evidence of the son, in the accounting proceeding of his father's estate, which reads as follows: "George N. Cuyler was subpœnaed and sworn as a witness; was required to and did produce said policy of insurance, and did then and there testify that he was the owner of and in possession of said policy of insurance." The manner in which George N. Cuyler became possessed of the policy of insurance after he had assigned the same in writing and delivered it to his father is wholly unexplained. All that appears in this record might be absolutely true even if George N. Cuyler had found this policy of insurance among his father's papers during the lifetime of the latter and placed it in his pocket without assignment or due authority. There is

no fact stipulated in the record that overcomes the legal presumption that the assignment in writing by the son to his father of this policy and the delivery of the same to the father is at the present time in full force and effect. The mere evidentiary fact that the son was in possession of the policy, claiming to be the owner thereof prior to the death of the father, falls far short of the proof necessary to overcome the legal presumption that the father died possessed in law of this policy and that his legal representatives are entitled to collect the same.

This court has recently had occasion to pass upon the futility of embracing within findings mere evidentiary facts. (*Alcock* v. *Davitt*, 179 N. Y. 9.)

The plaintiff, respondent, insists that this policy, showing upon its face that George N. Cuyler was the person insured, was assignable and transferable to him by mere delivery without any writing, and will be presumed to have been made for a valuable consideration. The authorities cited in support of this proposition do not sustain it, nor is it a correct statement of the law governing this case. The rule applicable to negotiable instruments, payable to bearer, or indorsed over in blank, does not apply to the present situation. The holder of a promissory note indorsed in blank, producing the same, need not give other evidence of title unless his possession is impeached. (*Bedell* v. *Carll*, 33 N. Y. 581; *Collins* v. *Gilbert*, 94 U. S. 753.) The mere naked possession of a non-negotiable instrument is not evidence of ownership. In the absence of a written assignment to him the holder must show that he is a *bona fide* owner and the manner in which he became such.

This court has held that proof of an advance of money to a mortgagee, coupled with proof that the one making the advance has possession of the mortgage, does not establish the fact of the purchase of the mortgage, or of a pledge thereof as security for the advance. In the absence of written evidence the presumption is against any transfer. (*Bowers* v. *Johnson*, 49 N. Y. 432.)

In *White* v. *City of Brooklyn* (122 N. Y. 53) the ownership of certain certificates of sales by the collector of taxes was involved. The only evidence of the assignment was the indorsement of the purchaser's name upon the back of the certificates. This court held that not only were assignments necessary, but that under a local statute the same were required to be filed in the office of the collector of taxes and assessments.

In *Richardson* v. *Moffit - West Drug Co.* (69 S. W. Repr. 398) the Missouri Court of Appeals held that the mere fact that a life policy of plaintiff's intestate, payable to his administrator, was in the possession of and paid to the defendant, did not raise a presumption that it had been assigned to defendant. The learned court said (p. 400): " The salient fact in the case is that the policy of insurance bears no assignment on it in writing to the defendant, and no assignment or pledge, either verbal or written, was shown; nor does anything appear in regard to the defendant's right to the proceeds, except the inference which may be drawn from its having the policy in its possession, or such further inference as may be deduced from the allegations of the petition."

The case at bar is barren of any evidence as to the time when, or the manner in which, the plaintiff's intestate became possessed of this policy. There is nothing in the facts stipulated that furnishes such proof.

The judgment appealed from should be reversed, with costs to defendants in all the courts to abide the event, and a new trial ordered.

CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.