(110 So. 291)

McDONALD v. McDONALD et al.   (6 Div. 518.)

(Supreme Court of Alabama.   Nov. 4, 1926.)

1. Appeal and error ⬡1097(1).

Opinion on prior appeal in action involving right to proceeds of insurance policy, *held* law of case.

2. Insurance ⬡586—Beneficiary may by contract with insured acquire a vested interest.

Generally, beneficiary has mere expectancy and no vested interest in policy during lifetime of insured, though he may acquire a vested interest by contract with insured as by giving of a valuable consideration for insured's agreement not to change beneficiary.

3. Insurance ⬡214.

Policies of insurance are choses in action and may be assigned equitably, at least by delivery with intent to pass title.

4. Insurance ⬡665(1).

Neither delivery of policy nor its possession is alone sufficient to evidence an assignment.

5. Gifts ⬡10.

Policy of life insurance may be assigned by gift without consideration but only on voluntary act of insured.

6. Gifts ⬡10.

It is no objection to validity and completeness of gift of insurance policy that nothing was yet due on it.

7. Insurance ⬡637.

Assignment of insurance policy to beneficiary may be pleaded in general terms without statement of consideration.

8. **Interpleader** ⊜⇒26—Special answers of widow of insured held sufficiently to show assignment of policy to her as a gift as against claims of insured's children.

In action involving right to proceeds of insurance policy as between widow of insured and his children by a former wife, special answers of widow *held* sufficiently to show an assignment of policy to her as a gift.

9. **Husband and wife** ⊜⇒29(4).

Marriage is a valuable consideration and will support a contract made in consideration of it.

10. **Insurance** ⊜⇒586.

Where designation of beneficiary is made pursuant to agreement founded on sufficient consideration, beneficiary so designated acquires a vested interest.

11. **Interpleader** ⊜⇒26—Special answers of widow claiming proceeds of policy as against insured's children held sufficiently to show assignment of policy to her in consideration of marriage.

In action involving rights to proceeds of policy as between insured's widow and his children by a former wife, special answers of widow *held* to show an assignment to her in consideration of marriage sufficient to defeat claims of children.

12. **Frauds, statute of** ⊜⇒150(1), 152(1).

In law practice benefit of Code 1923, § 8034, must be asserted by plea and cannot be raised by demurrer.

13. **Frauds, statute of** ⊜⇒150(1), 152(1).

In equity practice benefit of Code 1923, § 8034, subd. 4, must be asserted by plea, and not be raised by demurrer unless pleading on its face shows contract pleaded was not in writing.

14. **Frauds, statute of** ⊜⇒5.

Alleged agreement to assign insurance policy in consideration of marriage being fully performed by both parties *held* not within Code 1923, § 8034, subd. 4.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Suit on policy of life insurance by Emma C. McDonald against the Fidelity Mutual Life Insurance Company, in which there was interpleader by defendant and intervention of claim by Kenneth M. McDonald and Aleta McDonald Berry. Judgment for claimants, and plaintiff appeals. Reversed and remanded.

This is a contest by interpleader at law between the appellees, children of Thomas C. McDonald, and the appellant, his second wife and widow, for the proceeds of an insurance policy on the life of Thomas C. McDonald. On a former appeal the case made by the claim of appellees was thus stated by the court:

"Appellee brought her action at law against the Fidelity Mutual Life Insurance Company on a policy of life insurance. The insured was plaintiff's (appellee's) husband at the time of his death; but she was his second wife, and the policy had been purchased during the life of the first wife who was then named therein as beneficiary. It provided as follows: 'The insured, upon presentation of this policy for proper indorsement, may, with the written approval of the president or vice president, and while this policy is in force, change the beneficiary hereof. Such change shall take effect upon the indorsement of the same on the policy by the company.'

"In pursuance of this provision, after the death of the first wife and after the marriage of plaintiff and the insured, the policy was changed and plaintiff was named therein as sole beneficiary, and so the policy read at the death of insured. Meantime insured and appellee, his second wife, became estranged, separated, and at the time of his death his bill for divorce and her claim for alimony were pending. In the meantime, also, insured notified the company of his desire and intention to have the names of his son and daughter by his first wife substituted in the policy as beneficiaries and by his attorneys requested—such is the effect of his communication to the company—that the change be made, but was unable to present the policy for the company's indorsement to that effect, because it was in the possession of the plaintiff in this cause, and it was therefore impossible for him to present the policy to the company. To this, so far as appears by the record, the company made no response; and so the policy remained without further change until the death of insured some months afterward. Before issue joined in plaintiff's suit, defendant insurance company filed an interpleader suggesting that Kenneth M. McDonald and Aleta McDonald Berry, son and daughter of insured, individually and as administrator and administratrix of his estate, claimed the money due on the policy, and paid the amount thereof into court with a prayer that said claimants be given notice, and that it be discharged of all further liability in the premises. Claimants interposed their claim in two aspects, to wit: They claimed the fund in court as beneficiaries under the policy; they claimed it 'as executors of the will of Thomas C. McDonald, deceased,' alleging themselves to have been so appointed by the probate court of Jefferson county. Plaintiff demurred to each claim, alleging various and sundry objections thereto, after which claimants moved the court to make an order transferring the cause to the equity side of the court for further consideration. Plaintiff's demurrer was sustained, the motion to transfer the cause was overruled, and, claimants having nothing further to say, judgment was rendered for plaintiff. Claimants, individually and as executors, have appealed." [212 Ala. 137, 102 So. 38, 36 A. L. R. 761.]

It being then held that demurrers to appellee's claim were improperly sustained, and the cause being remanded, the other claimant, the widow, and appellant here, filed twelve special answers to their claim, to each of which demurrers were sustained. These answers set up, in substance: (1) That said Thomas C. McDonald, in April, 1920, assigned to appellant, his wife, the proceeds of the policy, and completed the gift by delivering

to her the policy; and (2) he designated her as beneficiary and delivered to her the policy in consideration of her promise to marry him, which promise was mutually executed.

As illustrative of the tenor of the answers, the following will suffice:

"(2) Plaintiff avers that said Thomas C. McDonald, deceased, was estopped from changing the beneficiary under said policy of insurance as alleged in said claim from plaintiff to claimants, for that shortly prior to the marriage of plaintiff and said Thomas C. McDonald, which marriage took place on, to wit, February 14, 1920, and as a part of the consideration for the promise of plaintiff to marry said Thomas C. McDonald, he agreed to procure plaintiff to be designated as beneficiary in said policy of insurance, and in pursuance of said agreement plaintiff thereafter married said Thomas C. McDonald as aforesaid, and said Thomas C. McDonald did on, to wit, April 10, 1920, in pursuance of his said promise as aforesaid, procure plaintiff to be designated as the beneficiary in said policy of insurance.

"(5) Plaintiff avers that subsequent to her marriage to the said Thomas C. McDonald, deceased, and prior to his death, he did, to wit, in April, 1920, assign to plaintiff the proceeds of the policy sued on in this cause, to her, by delivering same to her and then and there stating to her in substance that he wanted her to have the proceeds of said policy upon his death; that his children by a former marriage would more than likely give her trouble after his death, and that she would need the proceeds of said policy; and plaintiff further avers that said gift completed by the delivery of said policy as aforesaid constituted her the legal and equitable owner of the proceeds of said policy upon the death of said Thomas C. McDonald.

"(10) Plaintiff avers that she was married to said Thomas C. McDonald on, to wit, February 14, 1920, and that shortly prior to said marriage plaintiff and said Thomas C. McDonald mutually agreed to marry each other, and that as a part of said mutual agreement to marry said Thomas C. McDonald agreed with plaintiff that he would procure plaintiff to be designated as the beneficiary in a policy of life insurance upon his life, in the sum of $5,000; and plaintiff further avers that in pursuance of said agreement to marry and partly in consideration of said promise on the part of said Thomas C. McDonald made in consideration of said mutual promise to marry that he would procure plaintiff to be designated as beneficiary in a policy of life insurance on his life, as aforesaid, the said Thomas C. McDonald did after said marriage procure plaintiff to be designated as the beneficiary in the policy of life insurance mentioned in the claim filed by claimants in this cause, and did deliver said policy of life insurance to plaintiff, and plaintiff avers that said Thomas C. McDonald did assign to her said policy of life insurance and the proceeds thereof to be paid by the life insurance company who is insurer in said policy, wherefore the fund paid into court by said original defendant, said life insurance company, is of right the property of plaintiff.

"(12) Plaintiff avers that prior to her marriage to said Thomas C. McDonald, deceased, and at a time when the proceeds of the policy sued on in this case were payable to the estate of said Thomas C. McDonald, he proposed to her that if she would marry him, he would care for her, and would procure her to be designated as beneficiary in a life insurance policy on his life in the sum of to wit, $5,000, so that she would at his death receive the proceeds of said policy. Plaintiff further avers that in consideration of and in reliance upon said promise she consented to, and did, marry him on, to wit, February 14, 1920, and thereafter on, to wit, April 10, 1920, he did procure plaintiff to be designated as beneficiary in the policy of insurance sued on in this case, and did deliver said policy to her; and plaintiff further avers that the attempted change of beneficiary set up in said claim was without her consent, and in violation of her rights under the contract, and that at the time of the death of said Thomas C. McDonald and thereafter she was in possession of said policy rightfully and in pursuance of her rights under her agreement with said Thomas C. McDonald, deceased, as aforesaid."

The plaintiff-widow declining to plead further, judgment was rendered awarding the proceeds of the policy to the appellees, and the appeal is from that judgment.

Harsh, Harsh & Harsh and Frank S. White & Sons, all of Birmingham, for appellant.

There was no right of interpleader, either statutory or equitable, in this case. Conley v. Ala. Gold Life Ins. Co., 67 Ala. 472; Crass v. Memphis & C. R. Co., 96 Ala. 447, 11 So. 480. Insured was estopped from changing his beneficiary. Demurrer to replications 2, 3, and 4 were improperly sustained. 14 R. C. L. 1389; Andrews Bros. v. Jones, 10 Ala. 421; Supreme Lodge K. of P. v. Ferrell, 83 Kan. 491, 112 P. 155, 33 L. R. A. (N. S.) 777; Lyons v. Knights of Maccabees of the World, 192 App. Div. 109, 182 N. Y. S. 212; Freitas v. Freitas, 31 Cal. App. 16, 159 P. 611. The completely executed agreement averred was not affected by the statute of frauds. Reilly v. Woolbert, 196 Ala. 191, 72 So. 10; Godden v. Pierson, 42 Ala. 370; Gordon v. Tweedy, 71 Ala. 202; 27 C. J. 326. Plaintiff's answers 5, 6, 7, 8, and 9 show a completed gift or assignment of the proceeds of the policy, sufficient to defeat the attempted change of beneficiary. Chapman v. McIlwrath, 77 Mo. 38, 46 Am. Rep. 1; Jory v. Supreme Council, 105 Cal. 20, 38 P. 524, 26 L. R. A. 733, 45 Am. St. Rep. 17; Madeira's Appeal (Pa.) 4 A. 908; Piedmont & A. Life Ins. Co. v. Young, 58 Ala. 476, 29 Am. Rep. 770; 25 Cyc. 767. Appellee's claim is defective. Maloney v. Fulenwider, 213 Ala. 205, 104 So. 396; 14 R. C. L. 1389; Freund v. Freund, 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283.

Black & Harris, of Birmingham, for appellees.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. On the former appeal (212 Ala. 137, 102 So. 38, 36 A. L. R. 761),

the sufficiency of the claims filed by these appellees, and the propriety of their interpleading in this proceeding, were fully considered and sustained.

[1] Counsel for appellant present a forceful argument for a review and recantation of some of the grounds of decision on that appeal—especially as to the sufficiency of the facts relied on to effect an equitable substitution of the appellees for the appellant, as the rightful beneficiaries under the policy. But our examination of the opinion of Mr. Justice Sayre, which clearly enunciates the principles involved, and carefully applies them to the equities of this case, fully justifies the conclusions announced by the court, which must therefore be accepted as the law of the case.

[2] We are now to consider the merit of the counter equities set up by appellant in avoidance of the equity prima facie shown by the appellees.

"It is generally held that, where a right to change the beneficiary has been reserved to insured in the policy or is authorized by a statute which is part of the contract, the beneficiary named in the policy has a mere expectancy and no vested right or interest during the lifetime of insured, unless he has acquired a vested interest by virtue of a contract with insured, such as an agreement of insured, for a valuable consideration, not to change the beneficiary, or unless there are facts establishing an equitable interest in the proceeds." 37 Corp. Jur. 579, 580, § 345.

And, again:

"Where the policy reserves to insured the right to change the beneficiary, a change of beneficiary may be made at his instance, without the knowledge or consent of the original beneficiary, or notice to him, unless insured has divested himself of the right, as by assigning all his rights under the policy, agreeing to keep the policy in force for the beneficiary, or making a completed gift of the policy to the beneficiary by delivery to him, or unless a change of beneficiary has been enjoined and the injunction has not been dissolved." Id. 583, § 349.

[3, 4] Policies of insurance are choses in action and may be assigned, equitably at least, by a mere delivery of the policy with intention to pass the title. Chapman v. McIlwrath, 77 Mo. 38, 46 Am. Rep. 1; Mosaic Templars v. Hearon, 153 Ark. 568, 241 S. W. 35, 27 A. L. R. 1147; Potvin v. Prudential Ins. Co., 225 Mass. 247, 114 N. E. 292; Marcus v. St. Louis, etc., Co., 68 N. Y. 625; Pickslay v. Starr, 149 N. Y. 432, 41 N. E. 163, 32 L. R. A. 703, 52 Am. St. Rep. 740; 37 Corp. Jur. 425, § 129. This is in accord with the general principles applicable to all written contracts for the payment of money, as often declared by this court. Lee v. Wimberley, 102 Ala. 539, 15 So. 444, 448; Strickland v. Lesesne, 160 Ala. 213, 49 So. 233; Wells v. Cody, 112 Ala. 278, 20 So. 381. Of course, neither delivery nor possession is alone sufficient to evidence an assignment. Cyrenius

v. N. Y. Mut. L. Ins. Co., 73 Hun, 365, 26 N. Y. S. 248, affirmed in 145 N. Y. 576, 40 N. E. 225; Cuyler v. Wallace, 183 N. Y. 291, 76 N. E. 1, 5 Ann. Cas. 407; Royal Union, etc., Ins. Co. v. Lloyd, 254 F. 407, 165 C. C. A. 627.

[5] The authorities all hold that—

"A policy of life insurance may, like other choses in action, be assigned by way of gift, and requires no consideration, but depends upon the voluntary act of insured only." 37 Corp. Jur. 429, § 137; Opitz v. Karel, 118 Wis. 527, 95 N. W. 948, 62 L. R. A. 982, 99 Am. St. Rep. 1004, citing numerous cases; Harrison's Adm'r v. N. W. Mut. Life Ins. Co., 78 Vt. 473, 63 A. 321, 112 Am. St. Rep. 932.

[6] The only requirement is that it be unconditionally delivered to the donee with intent on the part of the owner to divest himself of its ownership [Walker v. Crews, 73 Ala. 412; Wheeler v. Armstrong, 164 Ala. 442, 51 So. 268], and a gift thus perfected is irrevocable (Sewall v. Gidden, 1 Ala. 52). Nor is it any objection to the validity and completeness of such a gift that nothing was yet due to be paid upon the policy at the time of its assignment. "It is the evidence of an amount to be paid at a time fixed by the contract, though it may lapse by failure to comply with its terms. This contingency, however, cannot destroy its character as a transferable chose in action while it subsists as a valid obligation." Opitz v. Karel, supra.

[7] So far as the form of the pleading is concerned, we think the fact of assignment is properly alleged in general terms, and the statement of a consideration is unnecessary. 5 Corp. Jur. 1009, § 225; Ragland v. Wood, 71 Ala. 145, 46 Am. Rep. 305.

[8] Our conclusion is that answers numbered 5, 7, and 8, sufficiently show an assignment of the policy by the insured to appellant, and that such an assignment is sufficient to defeat the equity asserted by appellees, because it shows a vested interest in appellant which could not be defeated by the act of the insured in designating another beneficiary. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761. As to these answers, the demurrers were erroneously sustained.

We think, however, that answers numbered 6 and 9 are not sufficient. The facts alleged may be sufficient to support an inference of fact that insured assigned the policy to appellant by way of gift, but they do not show it as a matter of law, and they are not colored by any general allegation of assignment or gift.

[9] Marriage is a valuable consideration, and will support a contract made in consideration of it. Andrews v. Jones, 10 Ala. 400, 421; Nelson v. Brown, 164 Ala. 397, 406, 407, 51 So. 360, 137 Am. St. Rep. 61; 13 Corp. Jur. 322, § 159.

[10] In 14 R. C. L. 1389, § 554 (Insurance) it is stated:

"Although the contrary has been held, the better view is that where the designation of the beneficiary in such a certificate is made in pursuance of an agreement founded upon a sufficient consideration, the person so designated acquires a vested interest, and unless by reason of .countervailing equities cannot be displaced, although the rules of the order permit the member to change the beneficiary at will. Stronge v. Supreme Lodge, etc., 189 N. Y. 346, 82 N. E. 433, 12 L. R. A. (N. S.) 1209, and note, 121 Am. St. Rep. 902, 12 Ann. Cas. 944; Savage v. Modern Woodmen, etc., 84 Kan. 63, 113 P. 802, 33 L. R. A. (N. S.) 773, and note. This is true, for example, where in pursuance of an antenuptial contract a husband procures his wife to be named as beneficiary. Supreme Lodge, etc., v. Ferrell, 83 Kan. 491 [112 P. 155] 33 L. R. A. [N. S.] 777."

Except that the contractually designated beneficiary was there the insured's sister-in-law, instead of being as here his wife, the New York case of Stronge v. Supreme Lodge etc., supra, is substantially identical as to its equities and counter equities with the instant case. There the undertaking of the beneficiary, in consideration of her designation as such, was to take in and take care of the insured in her home, so long as he desired. The conclusion was that—

"Not only was the refusal of appellant to surrender the old certificate not wrongful, so as to excuse the nonperformance by Irvine [the insured] of certain acts otherwise essential to the issue of a new certificate, but Irvine was not entitled to have a new certificate issued as against appellant even if he had complied with respondent's [insurer's] regulations."

The case of Freitas v. Freitas, 31 Cal. App. 16, 159 P. 611, specifically holds that a woman's marriage to the insured, in consideration of being named as beneficiary in the policy, gave to her an equitable right to the proceeds of the policy which the insured could not defeat by any acts of his, and which a volunteer beneficiary, afterwards substituted, could not deny.

[11] Unquestionably, both on principle and authority, appellant's answers numbered 2, 3, 4, 10, 11, and 12, show an equitable right in her sufficient to defeat the claim of appellees, and the demurrers thereto should have been overruled.

[12, 13] It is true the statute of frauds (Code 1923, § 8034, subd. 4) requires agreements made in consideration of marriage to be evidenced by a writing in accordance with its provisions. But the benefit of the statute must be asserted in law practice by a plea, and cannot be raised by demurrer. Evans v. So. Ry. Co., 133 Ala. 482, 32 So. 138. And even in equity practice, unless the pleading setting up the contract shows on its face that it was not in writing, the same rule prevails. Strouse v. Elting, 110 Ala. 132, 20 So. 123. The answers not showing the marriage contract was not in writing, the objection was not available on demurrer.

[14] But in any case, the answers show that the marriage contract was fully executed on both sides, and the statute of frauds is without influence upon resulting rights. Andrews v. Jones, 10 Ala. 400, 421; Sawyer v. Ware, 36 Ala. 675; Gordon v. Tweedy, 71 Ala. 202, 213; 27 Corp. Jur. 323, § 406.

For the errors noted, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.