140 So. 363

### CROWSON v. AMERICANIZED FINANCE CORPORATION, et al.

#### 6 Div. 918.

Supreme Court of Alabama.

March 10, 1932.

Graham Perdue, of Birmingham, for appellant.

Hugh A. Locke and Frederick V. Wells, both of Birmingham, for appellees.

BOULDIN, J.

Bill for specific performance of a contract to issue to complainant certain corporate stock. The appeal is from a decree sustaining a demurrer and dismissing the bill as amended.

The substance of the material allegations of the bill for purposes of review may be stated thus:

Americanized Citizens' Corporation, a nonresident corporation, herein for convenience called the Memphis company, in the spring of 1926 entered into negotiations with citizens of Birmingham for the organization of an Alabama corporation, under the name of Americanized Finance Corporation, for the purpose of conducting a loan business in Jefferson county, Ala., under the plans and system of the Memphis or promoting company. On August 30th of that year such negotiations proceeded to an agreement in writing looking to the organization of the Alabama company, wherein it was stipulated, among other things, that, in consideration of the use of the business plans and system belonging to the Memphis company, and other named services, the Alabama company, when incorporated, should, among other things, issue to the Memphis company, or to any one it should name, 150 shares, fully paid, nonpar stock of the Alabama corporation.

Complainant, J. C. Crowson, made a verbal agreement with the Memphis company in August to aid in promoting and organizing the Alabama company, for which services the Memphis company agreed to cause to be issued to him 10 shares of the non-par stock of the Alabama company. Complainant performed the service as per contract, and the Alabama corporation was organized on September 26, 1926, with an authorized capital of 1,500 shares of the par value of $10 each, and 150 shares of no par value.

Thereafter, October 13th, the Memphis company and the Alabama company entered into a further written agreement reciting that the directors of the Alabama company had ratified the agreement of the promoters to issue and had issued to the Memphis company the 150 shares of stock stipulated for "subject to the requirements of the Securities Commission of Alabama," and further stipulated that the Memphis company should transfer 50 shares of such stock to the Alabama company to be held by it as treasury stock to be sold and proceeds used for operating expenses or otherwise by the Alabama company. The Memphis company further agreed to transfer 50 shares of this stock to unnamed persons in Jefferson county who had aided or should thereafter perform service in the organization, incorporation, and successful operation of the Alabama company. The remaining 50 shares were to be retained by the Memphis company for its plans, etc.

The original bill averred that the 150 shares were issued to or for the benefit of the Memphis company, and it now has possession of the 50 shares agreed to be issued to citizens in Jefferson county for services in

promotion, 10 of which shares were those agreed to be issued to complainant.

By amendment it is averred that the Alabama corporation has these 10 shares in its possession and holds them in trust for complainant.

A further agreement between the two companies, dated October 30, 1926, made Exhibit B to the bill discloses, in substance, that the right to issue this 150 shares of non-par stock had been granted, but, under the ruling of the Alabama State Securities Commission, the 50 shares of treasury stock were to be sold at not less than $100 per share, the proceeds to become working capital of the Alabama company, and the other 100 shares, 10 of which complainant claims to belong to him, were to be placed in escrow with the Securities Commission to be held by them until the Alabama corporation has paid or has accumulated earnings sufficient to pay a dividend of 8 per cent. on all stock as shown by a proper audit approved by the Securities Commission. Thereupon 50 shares of this stock were to be delivered to the Alabama company to be by it transferred to officers, directors, employees, or other persons who have rendered actual services to such corporation in its incorporation, promotion, or operation, subject, however, to the approval of the Alabama State Securities Commission. This agreement recites the 150 shares of non-par stock have been issued for the purposes above named, and that 100 of such shares are hereby delivered to the Alabama State Securities Commission to be held as above stated.

The prayer is that 10 shares of the no par value stock, now in possession of the Alabama company, be decreed to be the property of complainant and be delivered to him. There is a prayer for general relief.

If complainant be the equitable owner of these 10 shares of stock, and the same had been transferred to the Alabama company to be delivered to him, and, as averred in the bill, the stock has no established market value, its real value being uncertain and not easily ascertainable, it may be conceded complainant is entitled to specific performance, rather than remitted to an action at law. General Securities Corporation v. Welton, 223 Ala. 299, 135 So. 329, 330.

But the bill does not negative the truth of the recitals in Exhibit B touching the conditions on which issuance of such stock was authorized, nor the present status of same as therein shown.

Neither the Alabama company nor the Memphis company has, under the averments of the bill, any lawful right or power to deliver complainant such stock. Whether this stock can ever be put out to share in the earnings of the corporation depends on proven earnings not shown to have yet accrued. Indeed, when this time arrives, if ever, the division of these shares among promoters is subject to the approval of the Securities Commission. It appears the authorization of such shares was made subject to these several conditions.

Obviously, therefore, the bill makes no case for specific performance.

The decree will be modified, however, so as to be without prejudice to complainant's right to bring such other suit as he may be advised.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.