167 So. 266

## GUNTER & CO. v. BANKERS MORTGAGE BUILDING & LOAN ASS'N.
### 6 Div. 912.

Supreme Court of Alabama.
April 7, 1936.

Basil A. Wood, of Birmingham, for appellant.

Hiram Dodd, of Birmingham, for appellee.

BOULDIN, Justice.

Appeal from judgment in interpleader at law. Code, § 10386.

The subject-matter of the suit was the commission due for selling real estate.

The commission, $225, due from the seller, was claimed by two real estate brokers.

One of these, whom we designate the Gunter Company, sued on the common counts.

The defendant, by affidavit, amended from time to time, set up that another broker, whom we designate the Crow Company, without collusion with defendant, claimed the money sued for, admittedly due, paid same into court, and prayed that the Crow Company be brought in, and the original defendant discharged.

The facts of the case, disclosed by the weight of the evidence, were substantially these:

The owner furnished the Gunter Company with a long list of properties for sale, including the lot in question.

W. F. Tutor was then in the employ of Gunter Company as a salesman duly licensed by the state real estate commission. Tutor found and enlisted a prospective purchaser for this piece of property, Miss Lillian Robinson. Negotiations proceeded to a point where Miss Robinson expressed an inclination to purchase provided she could negotiate a loan for funds to supplement her present holdings.

Members of the Gunter firm co-operated with Tutor in showing the property to Miss Robinson, and in forwarding a loan. The owner was informed of this, and took steps to have the tenant in possession permit an inspection of the property, and to vacate same when sold.

While still in negotiation, the owner withdrew the property from the market,

notified Tutor and Gunter of such withdrawal, and matters ended for the present.

Tutor, during this interim, severed his connection with Gunter Company, who turned in Tutor's license and notified the real estate commission he was no longer employed by them. A week later the real estate commission transferred Tutor's salesman license to the Crow Company, and he entered the employ of that company.

Thereafter, the owner put the property back on the market, notified Tutor of such fact. Knowing of his change of companies, the owner also notified Gunter. Tutor, thereupon, with co-operation of his new company, reopened the matter with Miss Robinson, resulting in a sale to her of . the property on the original terms. Gunter Company took no hand in the sale after Tutor left them, but kept watch on the progress made, and promptly demanded the commission on the day following the signing of a contract with Miss Robinson.

Gunter Company, by demurrer, and by answer, questioned the right of the owner-seller to interplead. Indeed, both brokers took such position in the first instance.

The cause was submitted by agreement on all the issues, on pleading, and evidence.

The trial court held the case a proper one for interpleader, and rendered judgment awarding plaintiff Gunter Company $45, and Crow Company $180, taxing the seller, original defendant, with all the costs. Only Gunter Company appeals.

We may say at this point that the court was well supported in concluding that Tutor was throughout the effective agent in enlisting and finally making the sale to Miss Robinson.

It appears in evidence that Tutor's commission for such sale was 80 per cent. This, we take it, led to the award of 20 per cent. to the first employer, and 80 per cent. to the latter, under whom he finally made the sale.

Appellant insists this was no proper case for interpleader, and that plaintiff was entitled to recover full commission.

Two inquiries of fact are pressed on this point:

First, there was evidence that after the owner knew negotiations were in progress he agreed to hold the property .for Miss Robinson to a named date, and one day before such date arrived, he withdrew the property from the market and broke up the deal which Gunter Company were negotiating. There is a controversy of fact on this point, but, taking appellant's version, it seems clear enough that Miss Robinson was not in position to make the trade on the next day.

The other contention is that the withdrawing of the property from the market was a fraudulent device of the seller.

It appears the property had been acquired by the seller through mortgage foreclosure. The former owner lived in Mobile. The reason given for taking the property off the market was that this mortgagor was preparing to redeem the property through the Home Owners Loan Corporation.

There was an agreed statement of facts on this matter. They are that such mortgagor had never advised the mortgagee of any purpose to redeem; had never taken any steps to that end by any application to the Home Owners Loan Corporation. The stipulated facts conclude: "That said Bankers Mortgage Building & Loan Association, subsequent to original negotiations for the sale of the property, the subject of the present litigation located the original owner and mortgagor through their agent and withdrew the said property from the market, pending the ascertainment of information as to whether said original owner and mortgagor decided to redeem the property through a Home Owners Loan Corporation mortgage and that such withdrawal was by Whelan advising Gunter and Tutor the owner was applying for a Home Owners Loan."

These facts do not disclose a fraudulent purpose to deprive appellant of the commission. They disclose the giving of a misleading or wrong reason for taking the .property off the market. It is not questioned the owner had power to do so, without giving any reason.

While it were wiser to ascertain whether good title could be made, or whether a due regard for the interest of the former owner demanded he be given opportunity to redeem, before listing the property for sale, a failure so to do does not prove fraud.

The property was again put on the market within a few weeks.

It is evident that the conflicting claims of these brokers grow out of the change of employment by Tutor, the man who ef-

fected the sale. Nothing shows this deal had any connection with such change, nor that the owner was playing into the hands of either of the brokers. The owner very properly notified Tutor when the property was back on the market. At the same time Gunter was also notified.

 Our conclusion is there was no double commission due, and there was no such contractual obligation or misconduct on the part of the owner, defendant in the original suit, as cut off the remedy of interpleader.

The case is unlike Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632, relied upon by appellant.

 On interpleader the court should work out the interest of the claimants to the money in court on principles recognized in courts of law and equity. The statute aims to provide a speedy, less expensive remedy, in lieu of a bill of interpleader in equity. McDonald v. McDonald, 212 Ala. 137, 143, 102 So. 38, 36 A.L.R. 761.

While the cause was heard on testimony not taken orally in open court, we are of the opinion, without any presumption in favor of his finding, that the court did substantial justice in his decree.

We see no occasion to review in detail rulings on the pleadings. If erroneous in any respect, no injury resulted to appellant.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.