171 So. 361

### FEDERAL LAND BANK OF NEW ORLEANS v. CURINGTON.

4 Div. 896.

Supreme Court of Alabama.

Dec. 17, 1936.

Huey & Huey, of Enterprise, for appellant.

Chas. O. Stokes, of Ozark, for appellee.

264

FOSTER, Justice.

This is a bill in equity filed by appellee, and seeks to cancel a deed executed by her to her husband dated February 22, 1920, to the extent that it conveys 78 acres of the land described in it, virtually a reformation of that deed.

It is claimed that her husband had deeded to her 160 acres of land, and that he misrepresented to her the contents of the deed of February 22, 1920, in that he said it only reconveyed to him the 160 acres he had deeded to her, whereas it also included her 78 acres.

Her husband applied for and obtained a loan from appellant, and executed a mortgage dated May 16, 1921, for $5,000, and included the 78 acres and other land. She signed the mortgage, but claims she did not know that it embraced her 78 acres. Her husband was made a defendant, and died before the trial and before the evidence was taken.

Complainant testified, and her testimony is all there is that supports her claim of fraud. It relates to a transaction between her and her husband.

While it does not appear that the suit was revived as to him, no point is made by appellant on account of that failure.

■ The real controversy is between complainant and appellant as mortgagee of the land and purchaser of it under foreclosure sale. But it has long been held that the spirit of section 7721, Code, prohibits the testimony of the living party to a transaction with the deceased against the party to whom his interest is opposed, when the deceased person's estate, or that of his grantee or heir, is interested in the result of the suit. The rule applies to protect those claiming in succession to the deceased the same as the estate of the deceased, when the other conditions exist. Key v. Jones, 52 Ala. 238, 247; Boykin v. Smith, 65 Ala. 294; Dunn v. Martin, 230 Ala. 684, 163 So. 323; Loring v. Grummon, 176 Ala. 240, 57 So. 819; Moore v. Walker, 124 Ala. 199, 26 So. 984; Smith v. Cook, 220 Ala. 338 (15), 124 So. 898; Jernigan v. Gibbs, 206 Ala. 93, 89 So. 196.

■ It follows that no legal proof was made that complainant was entitled to the relief granted or to any other. The decree of the circuit court is reversed, and one here rendered denying relief and dismissing the cause.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.