[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1026 
This appeal from a final judgment in a quiet title action presents two issues: 1) Whether the trial court erred in its interpretation and application of Code 1975, § 12-21-163 (the Dead Man's Statute); and 2) whether the trial court erred in rejecting Appellant's contention that Appellees' claim of title was time-barred pursuant to Code 1975, § 6-2-33.
 FACTS
J.R. and Daisy Richardson, husband and wife, acquired the subject property on September 12, 1963, through a right-of-survivorship warranty deed. Daisy predeceased J.R., who died intestate on June 30, 1972. According to the averments of the complaint, J.R. and Daisy had one son, Andrew R. Richardson. Andrew died intestate in 1973 and was survived by his wife, Mamie Richardson Melvin, Appellant/Plaintiff in this action, and their five children. After the death of their father, the five children conveyed their interests in the subject property to Mamie Melvin.
On January 25, 1983, Ms. Melvin filed a complaint in Mobile Circuit Court seeking to quiet title to this property. Before trial, Plaintiff obtained dismissals of, or default judgments against, all named and unnamed Defendants with the exception of Jesse and Sarah Parker, husband and wife, Appellees in the instant appeal. The Parkers claim title to a portion of the property deeded to Ms. Melvin by her children. The Parkers base their claim on a copy of a deed executed by J.R. Richardson on January 22, 1972. They do not have the original deed, nor was it ever filed in the proper probate court. Thus, the issue at trial between Mamie Richardson Melvin and the Parkers *Page 1027 
was whether J.R. delivered the deed to the Parkers.
At trial, the judge, sitting without a jury and hearing evidence presented ore tenus, allowed Jesse Parker to testify to the facts surrounding the alleged delivery to him of the original deed by J.R. Richardson on January 22, 1972. Ms. Melvin objected to the introduction of this testimony, arguing that it violated the Dead Man's Statute. After hearing this and other evidence, the trial judge found for the Parkers and awarded them that portion of the land described in their deed.
Having properly preserved the Dead Man's Statute issue for appellate review, Ms. Melvin argues to this Court that the introduction of Jesse Parker's testimony was reversible error. She also claims error in the trial court's rejection of her argument that the Parkers' claim of title was statutorily time-barred.
 OPINION I. The Dead Man's Statute
The Alabama Dead Man's Statute, codified in § 12-21-163, reads as follows:
 "In civil actions and proceedings, there must be no exclusion of any witness because he is a party or interested in the issue tried, except that no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the action or proceeding or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the party to whom such interest is opposed or unless the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness or has been taken and is on file in the case. No person who is an incompetent witness under this section shall make himself competent by transferring his interest to another."
Thus, the Dead Man's Statute does not render a witness incompetent and thereby exclude his testimony unless the following four questions can be answered affirmatively:
 "1) Will the testimony concern a statement by or a transaction with a deceased person?
 "2) Will the estate of this deceased person be affected by the outcome of the suit?
 "3) Does the witness have a pecuniary interest in the result of the suit?
 "4) Is the interest of the witness opposed to the interest of the party against whom he is called to testify?"
DeShazo v. Miller, 346 So.2d 423, 426 (Ala. 1977). See, also,Lett v. Watts, 463 So.2d 138, 139 (Ala. 1984); Staik v. JeffersonFederal Savings Loan Association of Birmingham, 434 So.2d 763
(Ala. 1983); and Lavett v. Lavett, 414 So.2d 907 (Ala. 1982).
 A. The Statute's Prerequisites 1) Will the testimony concern a statement by, or a transaction with, a deceased person?
Defendant Jesse Parker testified that he and his wife went with J.R. Richardson to the property described in the deed. There, Jesse said, J.R. handed Jesse the original deed. Jesse and his wife looked over the deed. He then handed the deed back to J.R., and asked him "to keep it for me til I got back in off the boat `cause I had to leave right momentarily afterwards."
Clearly, this testimony describing "some act done by the deceased, or in the doing of which he personally participated,"Wood v. Brewer Brewer, 73 Ala. 259, 262 (1882), is a "transaction" as that term is used in the Dead Man's Statute.
 2) Will the estate of this deceased person be affected by the outcome of the suit? *Page 1028 
The Parkers argue that "if any estate was interested in the outcome of this litigation, it was the estate of Andrew R. Richardson . . . not J.R. Richardson." Andrew's estate, of course, is interested in the outcome of this litigation, but this interest does not preclude his father's estate from also being interested. This Court has held that the protection of the Dead Man's Statute "extends . . . to the rights of heirs and others claiming in succession or privity." Jennings v. Provident Lifeand Accident Insurance Co., 246 Ala. 689, 694, 22 So.2d 319, 322
(1945). See, also, Jennings v. Jennings, 250 Ala. 130,33 So.2d 251 (1947). Nor does the fact that Ms. Melvin claims title to the land by a conveyance from protected heirs (i.e., Andrew and his children) operate to exclude her from the protection of the Dead Man's Statute. Walling v. Couch, 292 Ala. 33, 35, 288 So.2d 435,436 (1973); McCulloch v. Roberts, 290 Ala. 303, 308,276 So.2d 425, 429 (1973). The statute protects Ms. Melvin as it would her children if they had any remaining interest in the property.
 3) Does the witness have a pecuniary interest in the result of the suit?
The interest of the witness, Jesse Parker, in this litigation is his claim of title to the subject property. Quite obviously, this is a pecuniary interest.
 4) Is the interest of the witness opposed to the interest of the party against whom he is called to testify?
Although it would appear that this final requirement is easily answered in the affirmative, the Parkers strenuously argue that Ms. Melvin does not meet this requirement of adverseness. At trial, the Parkers offered evidence that Andrew Richardson was not J.R. and Daisy Richardson's son. Several witnesses testified that Daisy had been married prior to her marriage to J.R. During that previous marriage, the evidence indicated, a young woman left her infant son with Daisy and then disappeared. Daisy called the child "Andrew" and reared him as her own. Shortly after Daisy married J.R., Andrew began calling himself "Andrew Richardson." J.R. treated Andrew as his son, but never formally adopted him.
Thus, according to the Parkers' argument, because J.R. is not Andrew's father, Andrew received nothing from J.R. by intestate succession. Ms. Melvin, then, the Parkers say, is not opposed to the Parkers' interest because her husband Andrew never had title to the subject property; therefore, at his death, his children did not take the property through intestate succession and had no interest to convey to Ms. Melvin. J.R.'s estate, the Parkers say, passed by intestacy pursuant to Code 1975, § 43-8-42, presumably to J.R.'s brothers and sisters, if any. Furthermore, the Parkers contend, these unknown heirs are the real parties in interest in the present action and the only parties adverse to their claim.
We note that if we accept the Parkers' argument that J.R. is not Andrew's father, it would not only preclude application of the Dead Man's Statute for failure to meet the fourth and final requirement of adverseness, but it would also operate as a complete defense in this action. That is, under this theory, Ms. Melvin would have no claim on the property; and, therefore, she would have no standing to bring this quiet title action against the Parkers.
The trial judge made no explicit finding as to Andrew Richardson's paternity. In his final decree, however, the judge "ORDERED, ADJUDGED and DECREED that MAMIE RICHARDSON MELVIN is the owner in fee simple of all lands described in the Bill of Complaint . . . less those certain lands claimed by respondents, JESSE DELEON PARKER and SARAH PARKER." Thus, by vesting ownership in Ms. Melvin of all the property exclusive of that claimed by the Parkers, the judge implicitly found that Andrew was J.R.'s son and heir at law. Otherwise, as explained above, Ms. Melvin would have no legitimate claim to any of the property.
The Parkers would have us hold that Andrew was not J.R.'s son and reverse the trial court's finding as to Andrew's paternity. This we cannot do. Because *Page 1029 
the trial judge sat without a jury and heard evidence presentedore tenus, a presumption of correctness attached to his factual finding of paternity. Skinner v. Florence, 439 So.2d 118, 119
(Ala. 1983); Chaffin v. Hall, 439 So.2d 67, 69 (Ala. 1983). Our careful review of the evidence of record fails to convince us that the judge's findings are either unsupported by some evidence or that such findings are plainly and palpably erroneous or manifestly unjust. We, therefore, affirm the trial judge's implicit ruling as to Andrew's paternity.
Because Andrew was J.R.'s son, Ms. Melvin's interest is in opposition to the interest of Jesse Parker, the witness in our Dead Man's Statute analysis, in that she will get title to the property if the Parkers do not, and vice versa. We find, therefore, that in addition to having met the first three requirements for application of the Dead Man's Statute, Plaintiff also meets its fourth and final requirement. Unless, as the Parkers urge, the instant situation falls into one of the recognized exceptions to the statute's application, Ms. Melvin was entitled to its protection, and we must reverse the trial court for overruling her objections and allowing an incompetent witness, Jesse Parker, to testify.
 B. The Statute's Exceptions 1. The "Third-Person" Exception
Even though all requirements of the Dead Man's Statute are met, the statute may be inapplicable to certain persons because of the so-called "third-person" exception. This exception is set out in C. Gamble, McElroy's Alabama Evidence, § 102.01 (8) (3d ed. 1977) (footnotes omitted):
 "Where it appears that a third person was present during the transaction or communication of the deceased with the adverse party, and that he is not a party to the suit against the representative of the deceased or affected by the results of the lawsuit, the courts hold such third person to be competent to testify to such transaction or communication even against an objection based upon the dead man's statute. Recognition of competency has been given to such third persons even though they are related to the interested party; however, this is customarily with the stipulation that such third party shall not have participated actively in the transaction. The fact that a third person overheard the conversation does not, of course, authorize the adverse party to testify."
Two "third persons" apparently witnessed the transaction between J.R. Richardson and Defendant Jesse Parker: T.E. Houston, Jr., a real estate agent, and Leo Waters, a friend of Defendant Jesse Parker and Andrew Richardson. The trial judge allowed both of them to testify as to the events of the transaction. Both of these "third persons" were competent to testify according to the third-person exception requirements set out above. Thus, they were properly allowed to testify.
The Parkers, however, argue that the presence of these two "third persons" made the Dead Man's Statute inapplicable even as to Jesse Parker, the adverse witness. As already noted, it is a well settled general rule that "[t]he fact that a third person overheard the conversation does not . . . authorize the adverse party to testify." Id. But, in some circumstances (an additional exception), just the opposite is true — the presence of certain third persons does make the adverse witness competent and renders the Dead Man's Statute rule of exclusion inapplicable.
 2. The "Association" Exception
The Dead Man's Statute is inapplicable and the adverse witness competent to testify "[i]f one associated with the deceased was present when the transaction occurred and is alive and able to give his version of the facts." First National Bankof Birmingham v. Chichester, 352 So.2d 1371, 1374 (Ala.Civ.App. 1977). In other words, aside from the issue of a third person's competency to testify under the "third-person" exception, under a different exception and test, a third person's presence actually *Page 1030 
may remove the incompetency of the adverse witness.
Third persons generally found to have been "associated" with the decedent include: 1) a joint owner; id.; 2) a partner;Homewood Dairy Products Co. v. Robinson, 254 Ala. 197,48 So.2d 28 (1950); Annot., 22 A.L.R.2d 1068 (1952); 3 S. Gard, Jones onEvidence, § 20.33 (6th ed. 1972); 3) a spouse; Hentz v. Darden,394 So.2d 925 (Ala. 1981); Lowery v. Stinson, 291 Ala. 415,282 So.2d 244 (1973); 4) a son-in-law; Sheppard v. T.R. Miller MillCo., 332 So.2d 374 (Ala. 1976); and 5) an agent; RelianceInsurance Co. v. Jack's Construction Co., 360 So.2d 292 (Ala. 1978); 3 S. Gard, supra, at § 20.34.
Thus, the final and determinative inquiry on this issue is: Were either of the third persons present during the transaction between Defendant Jesse Parker and J.R. Richardson sufficiently associated with J.R. Richardson to remove Jesse Parker's incompetency as a witness under the Dead Man's Statute? Leo Waters, who according to his testimony was present during the transaction, was a friend of Andrew Richardson and Jesse Parker. He knew J.R. Richardson, but he had no particular association with him. Clearly, Leo Waters, as a third person present during the transaction, was not associated sufficiently with J.R. Richardson under the "association" exception to remove Parker's incompetency.
The other third person present during the transaction, T.E. Houston, Jr., is a real estate agent. Mr. Houston testified that he was a good friend of J.R. Richardson, that he had handled several real estate transactions for J.R., but that he did not prepare the Parker deed — he merely notarized it at the request of J.R. Richardson. As we have held, in some instances, a third person who is decedent's agent may be associated sufficiently with the decedent to render the adverse witness competent to testify. Reliance Insurance Co. v. Jack'sConstruction Co., supra. The instant facts as to the relationship between T.E. Houston, Jr., and J.R. Richardson, however, are insufficient, as a matter of law, to allow us to conclude that Mr. Houston's "interests were clearly aligned with those of [J.R. Richardson] in this transaction" and that Mr. Houston "was sufficiently associated with the decedent and had a sufficient community of interest with him that we may safely rely upon [him] to give the decedent's version of the transaction," so as to render the "association" exception to the Dead Man's Statute applicable. Lowery v. Stinson, supra,291 Ala. at 419, 282 So.2d at 247.
We hold, therefore, that the trial court erred in overruling Ms. Melvin's objection to Jesse Parker's testimony as violative of the Dead Man's Statute. For the sake of clarity, however, we emphasize that our holding with respect to the application of the Dead Man's Statute does not affect either the admissibility or the credibility of the testimony of the two "third persons" who witnessed the transaction between J.R. Richardson and Jesse Parker.
 II. The Ten-Year Prescription Period
In addition to arguing error regarding the Dead Man's Statute, Ms. Melvin argues that the trial court erred in failing to dismiss the Parkers' claims because they failed to commence an action for the recovery of the land in question within ten years as prescribed by Code 1975, § 6-2-33. Because the Parkers asserted their claim of title as an affirmative defense, we find no merit in Ms. Melvin's argument as to this issue.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur. *Page 1031